**COLONIAL PENN INSURANCE COMPANY, Plaintiff–Appellant,**

v.

**Willard Frank COIL; Betty Marian Coil, Defendants–Appellees.**

No. 88–2636.

United States Court of Appeals, Fourth Circuit.

Argued May 11, 1989.

Decided Oct. 30, 1989.

John G. Blackmon, Jr. (H. Michael Bagley, Drew, Eckl & Farnham; Mark W. Buyck, Jr., Willcox, Hardee, McLeod, Buyck, Baker & Williams, on brief), for plaintiff-appellant.

Ann Adams Webster (James W. Morris, III, Browder, Russell, Morris & Butcher, P.C., on brief), for defendants-appellees.

Before RUSSELL, Circuit Judge, HADEN, Chief United States District Judge for the Southern District of West Virginia, sitting by designation, and ELLIS, United States District Judge for the Eastern District of Virginia, sitting by designation.

DONALD RUSSELL, Circuit Judge:

This case poses the question whether a district court may approve the offeror's revocation of an offer of judgment made pursuant to Fed.R.Civ.P. 68 when the offer is induced by fraudulent conduct on the part of the offeree. The district court held that under Rule 68 the offer of judgment could not be revoked, regardless of any proof of fraud on the part of the offeree that became known to the offeror after it extended the offer.

We are of the opinion that a district court may approve the revocation of a Rule 68 offer of judgment if it is discovered that the offeree's fraudulent behavior induced the settlement offer. We therefore reverse the judgment of the district court to the contrary.

I.

The facts of this case are unusual and therefore merit discussion in detail.

Fire severely damaged the Florence, South Carolina home of defendant-appellees Willard and Betty Coil (the Coils) on or about May 6 or 7, 1987. The Coils' home was insured for fire by plaintiff-appellant Colonial Penn Insurance Company (Colonial Penn). After the Coils demanded payment under the insurance policy, Colonial Penn filed for declaratory judgment on January 15, 1988. Colonial Penn claimed that the Coils were not entitled to recover under the fire insurance policy due to: (1) an intentional misrepresentation in the insurance application; (2) failure to disclose pertinent information after the fire; (3) material misrepresentation about their claim for recovery under the policy; (4) arson that had been caused by or on behalf of the Coils.

The Coils filed an answer that denied the allegations and counterclaimed for payment due under the policy, for compensatory and punitive damages, and for attorney's fees. The Coils demanded a jury trial.

Colonial Penn commenced discovery, but it was unable to find more than circumstantial evidence of arson and the other allegations in its complaint. As a result, counsel for the parties in this case engaged in settlement negotiations during June and July 1988. By letter dated July 21, 1988, Colonial Penn offered to settle with the Coils, and made an offer of judgment pursuant to Rule 68,[1] for about $50,000. This amount represented a recovery to the Coils of almost eighty cents on the dollar. According to the affidavit of their counsel, the Coils agreed to accept the offer and endorsed the settlement check on the evening of July 22, 1988. The next day counsel for the Coils dictated a letter to counsel for the insurance company advising it that the Coils accepted the offer of the insurance company. The letter, however, was not mailed to counsel for the insurance company.

II.

On July 27, a Colonial Penn claims examiner received an unsolicited telephone call from a Ms. Janice Godwin of Florence, South Carolina. Ms. Godwin said that her nephew, Johnny Powers, who at the time of the fire was living with the Coils and the Coils' daughter, Brenda Gainey, told her that he and Willard Coil had started the fire with a paint thinner. Powers also told his aunt that most of the furniture had been moved out of the house before the fire was started. Ms. Godwin further stated that the Coils had offered her $10,000 to

1. Rule 68 provides in pertinent part:
   At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of accept-
   ance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after making the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. . . .

keep quiet, but that they recently had begun to make threats against her life. The Colonial Penn representative immediately telephoned counsel, who told her that the offer of judgment was withdrawn and instructed her to stop payment on the check. That same day, acting on a tip from Ms. Godwin, the Florence County Sheriff's Department arrested Willard Coil, Betty Coil, Brenda Gainey, and Johnny Powers. Powers signed a confession.

Also on July 27, Colonial Penn's counsel immediately telephoned the Coils' counsel and stated the company was revoking the offer of judgment. A letter to that effect was sent by overnight mail. A partner of the Coils' counsel responded on behalf of his partner that the Coils already had signed the release and that a letter had been dictated that accepted the offer. This acceptance letter, though dated July 21, was mailed on July 28, as was a letter from the partner confirming his conversation of July 27 with Colonial Penn.

On August 17, the Coils moved the district court to enforce the offer of judgment. Colonial Penn responded to the motion, submitting an affidavit from the claims representative who spoke to Ms. Godwin. At a hearing on August 24, the district judge ruled from the bench that the offer of judgment pursuant to Rule 68 was binding on the parties. The district court's reasoning was stated thus:

> I can see in this particular case a great injustice could be done. I can see in this particular case where the defendants would be entitled to profit by their wrongful acts, which in this state generally you're not able to do. But I don't think that those factors override the wording of the Rule or require that I upset what otherwise is a valid settlement. If we were trying a case in this court and people came forward later and you made a motion under Rule 60 to open it up, I might consider such factors in the interest of justice in opening the case up. Because you'd come in and take this system of jurisprudence and decided to use its trial medium to have your rights disposed of, and you might be entitled to have it set aside because justice had not

been done. You didn't choose to do that, you chose to make an independent intelligent decision that this case was worth $50,000. You put that on the table. They accepted it, and there is no question in my mind they accepted it within the ten days. In all probability they accepted it when they endorsed that check. We're not kidding each other. If they tried to back out of it after that. You would have certainly taken that position and we'd be here on the other side of the coin. I'm going to order that the settlement be approved. I'm not going to consider one way or the other what information your client had when they offered the settlement or what information they had when they attempted to rescind the offer of judgment. I'm not going to consider that. I'm not going to have a hearing. I'm not going into those matters and make findings of fact. It may be that the Fourth Circuit will tell me I should do that and I ought to come back and do it and then decide whether the settlement should be approved, but I don't want to talk out of both sides of my mouth and make up my mind I'm going to enforce the settlement, enforce the judgment because it was accepted pursuant to the rule, and then, just to shore up my decision, make findings of fact that really what you found, out was not material to your offer.

> So, I'm going to enforce the settlement. I'm going to order that the judgment be entered as required by Rule 68. The plaintiff has already returned all of the settlement papers to the plaintiff. The plaintiff has the check in their escrow account, and I'm going to permit them, pursuant to the judgment, to disburse the same. I'm going to give the plaintiff, I'm going to order you to hold those proceeds for ten days, or let's say for, today is Thursday, let's say for ten days.

The district court accordingly granted the Coils' motion and entered judgment pursuant to Rule 68 ordering that the Coils recover $50,000 from Colonial Penn. Colonial Penn has appealed.

### III.

The initial issue in this appeal arises as a result of the appellant's motion to include, as a part of the record, a key fact relevant to a just and fair decision in this case. On October 5, 1988 the Coils pled guilty to accessory after the fact to commit arson in violation of Section 16–11–110 of the South Carolina Code in connection with the fire involved in this action.[2] Subsequently, Colonial Penn moved this court to take judicial notice of the guilty pleas entered by the Coils. We deferred ruling on the motion until after we heard oral argument on the merits. Because we find the Coils' guilty pleas relevant to the case before us, we grant the appellant's motion and remand the cause to the district court for reconsideration in the light of this additional fact.

Not surprisingly, the appellees argue against this court taking judicial notice of their guilty pleas, contending that the district court entered judgment for them over a month before they pled guilty to accessory after the fact to commit arson.[3] Because the guilty pleas were not part of the evidence that Colonial Penn considered when it decided to revoke its offer made pursuant to Rule 68, the appellees argue that their guilty pleas are irrelevant to the issue on appeal and that the appellant's motion ought to be denied. We find this argument to be totally without merit. The Coils' subsequent guilty pleas, entered in the Court of Common Pleas for Darlington County, are highly relevant to the proceedings below and to this appeal for the reasons hereafter stated.

We are aware that an appellate court normally will not consider facts outside the record on appeal. *Rothenberg v. Security Management Co., Inc.,* 667 F.2d 958, 961 n. 8 (11th Cir.1982); *see also Wilson v. Volkswagen of America, Inc.,* 561 F.2d 494, 510 n. 38 (4th Cir.1977), *cert. denied,* 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 768 (1978). Nonetheless, we believe that in the interest of justice we may properly take judicial notice of the Coils' guilty pleas involving the very property and issues involved in this proceeding. *See Coney v. Smith,* 738 F.2d 1199, 1200 (11th Cir.1984) (per curiam) (court of appeals may properly take judicial notice of state court proceedings that were not part of the record before the district court). Moreover, these guilty pleas are most relevant and critical to the matter on appeal. *See, e.g., St. Louis Baptist Temple, Inc. v. FDIC,* 605 F.2d 1169, 1172 (10th Cir.1979) ("federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (citations omitted); *Green v. Warden, U.S. Penitentiary,* 699 F.2d 364, 369 (7th Cir.), *cert. denied,* 461 U.S. 960, 103 S.Ct. 2436, 77 L.Ed.2d 1321 (1983) (same); *Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir.), *cert. denied,* 449 U.S. 996, 101 S.Ct. 535, 66 L.Ed.2d 294 (1980) (federal courts may take judicial notice of proceedings in other courts of record) (citation omitted).

### IV.

Pursuant to Fed.R.Evid. 201(b)(2), "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is ... capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." We note that "[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records." 21 C. Wright & K. Graham, Federal Practice and Procedure: Evidence § 5106 at 505 (1977). In addition, Fed.R.Evid. 201(f) provides that "judicial notice may be taken at any stage of the proceeding" of such matter; thus, an appellate court may take judicial

---

**2.** The sequence of events in the two cases—one criminal and the other civil—is interesting. While the civil suit was pending, the criminal action was continued. When the settlement offer in the civil action was incorporated in the Court's order, the Coils entered their guilty plea and now contend that the Court must close its eyes to the confession by them of complicity in the arson.

**3.** The district court entered judgment for the Coils on September 1, 1988; the Coils entered their guilty pleas on October 5, 1988.

**1240**

notice of facts. 10 J. Moore & H. Bendix, Moore's Federal Practice § 200.01 at II–3 (3d ed.1988).

In the present case, the appellant's motion contains copies of the guilty pleas that clearly show that the Coils pled guilty to arson after the fact of the very property insured by Colonial Penn. We hold that these guilty pleas are "not subject to reasonable dispute," and that these records are properly subject to judicial notice pursuant to Fed.R.Evid. 201(b)(2). We therefore grant the appellant's motion to take judicial notice of the appellees' guilty pleas.

## V.

■ We are well aware, as the appellees contend, that several authorities have concluded that offers made pursuant to Rule 68 are irrevocable during ten days after the offer. *See, e.g.,* 12 C. Wright & A. Miller, Federal Practice and Procedure: Civil §§ 3004, 3005 at 59–60 (1973); Udall, "May Offers of Judgment Under Rule 68 Be Revoked Before Acceptance?", 19 F.R.D. 401 (1957); *see also Radecki v. Amoco Oil Co.,* 858 F.2d 397, 402 (8th Cir.1988) (court of appeals assumed, for sake of discussion, that Rule 68 prohibits the revocation of an offer of judgment); *Fisher v. Stolaruk Corp.,* 110 F.R.D. 74, 75 (E.D.Mich.1986) (district court stated, without discussion, that offers made pursuant to Rule 68 cannot be revoked). Be that as it may, we believe that there are exceptional factual situations that may properly merit revocation of offers made pursuant to Rule 68. In *Fisher v. Stolaruk Corp., supra,* an accepted offer of settlement was rescinded for mistake on the part of one party, which mistake was known to the other party.

In this case, the equities for rescission are far more persuasive. The record suggests, if it does not conclusively establish, that the Coils, while seeking to enforce a judgment against their insurer for the burning of their house, have actually confessed in their criminal trial to complicity in the burning of the house. In short, we are asked to reward the arsonists by permitting them to mulct the insurer for the burning of their own house, and all this is to be done because it is thought the court lacks power to frustrate such fraud. We find no such lack of power.

If there had been a judgment in this case, and the appellant, having learned of the Coils' involvement in the fire, had moved to vacate that judgment pursuant to Fed.R.Civ.P. 60(b), the motion undoubtedly would have been granted. *See Great Coastal Express, Inc. v. Int'l Brotherhood of Teamsters,* 675 F.2d 1349, 1355 (4th Cir. 1982), *cert. denied,* 459 U.S. 1128, 103 S.Ct. 764, 74 L.Ed.2d 978 (1983). As we have noted in the context of Rule 60(b), "compelling circumstances may arise ... in which parties are entitled to be relieved of an unjust judgment arrived at through mistake, ignorance, inadvertence, or misconduct." *Id.* We think the courts have equal authority to consider fraud in procuring a settlement as in a judgment and the district court erred in ruling otherwise. The Coils have attempted, if we accept the facts as presented by the insurance company, to work a fraud on Colonial Penn, as well as work a fraud on the district court. The district court has inherent supervisory power to revoke an offer of settlement made pursuant to Rule 68 when and if such offer is procured by the offeree's fraud, especially fraud upon the fairness and justice of the court's own processes. To permit the appellees to prevail in this case would do violence to the precepts of justice that underpin the Federal Rules of Civil Procedure, and that is the primary purpose of courts, to do justice. We therefore reverse the judgment of the district court and remand this case for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.