948 F.2d 1283
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Matthew J. McMICHAEL, Defendant-Appellant.
 No. 90-5072.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 11, 1991.
Decided Nov. 15, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CR-90-221-A)
 Argued: Patricia A. Smith, Sanders, O'Donnell & Smith, Alexandria, Va., for appellant; Elise Caren Weinstein, Special Assistant United States Attorney, Alexandria, Va., for appellee.
 On Brief: Henry E. Hudson, United States Attorney, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before DONALD RUSSELL, K.K. HALL and WILKINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Matthew J. McMichael appeals from the district court's affirmance of the magistrate judge's finding of guilt on a failure to appear charge in connection with a speeding offense. McMichael argues that the magistrate judge committed reversible error by shifting the burden of proof to the defense and that the evidence was legally insufficient to support a conviction. After reviewing the parties' briefs and the record, we affirm.
 
 I.
 
 2
 McMichael was charged with speeding seventy-five miles per hour in a forty mile per hour zone in a federal park area in violation of 36 C.F.R. § 4.21(c) (1990). He was given a mandatory court date for appearance before a magistrate judge, but he failed to appear on the prescribed date. He then appeared before the magistrate judge and was released on a personal recognizance bond on the condition that he appear on February 1, 1990 to answer to the original speeding citation.
 
 
 3
 McMichael again did not appear on the specified date. As a result, a criminal information was filed charging him with failure to appear in violation of 18 U.S.C. § 3146 (1988), and a warrant was issued. In April 1990, he appeared with counsel before the magistrate judge.* He pleaded guilty to speeding and proceeded to a bench trial on the failure to appear charge. The prosecution presented one witness, Sergeant Higgins, who testified that he discovered McMichael's absence from court on February 1, 1990, and the fact that he was on a personal recognizance bond during the course of conducting routine reviews of the docket and case files.
 
 
 4
 Higgins was unable to identify McMichael in court, because he had never seen him; he explained on redirect examination, however, that McMichael had been brought to court pursuant to a warrant issued by name and date of birth. The magistrate judge then stated that the record adequately established McMichael's nonappearance on February 1, 1990, and that it was McMichael's responsibility to explain his nonappearance. Defense counsel objected on the basis that the court was impermissibly shifting the burden of proof to McMichael. The magistrate judge noted that he had personally signed the bond order setting McMichael's appearance as a condition of release. After considering all the evidence, including the papers in the court's file, and his own experience with McMichael, the magistrate judge found McMichael guilty of failure to appear. McMichael was later sentenced to a $100 fine plus a $25 special assessment for the failure to appear charge and an $80 fine and $10 special assessment for speeding. The convictions were affirmed by the district court.
 
 II.
 
 5
 Pointing to the magistrate judge's comments about McMichael's need to explain his failure to appear, McMichael argues on appeal that these words impermissibly shifted the burden of proof to him to disprove an essential element of the crime charged: knowledge of his duty to appear. We disagree.
 
 
 6
 The trial transcript, when read as a whole, clearly indicates that the magistrate judge believed a prima facie case of failure to appear was established by the court records and testimony presented at trial. Taken in the context of the entire trial, the magistrate judge's comments are best understood as simply meaning that McMichael was required to establish any affirmative defense he may have had, as explicitly required by 18 U.S.C. § 3146(c). It is constitutionally permissible to shift the burden of proof to the defendant to establish a defense to the crime charged so long as the prosecution has sufficiently established its prima facie case. See Patterson v. New York, 432 U.S. 197, 203 n. 9 (1977). The magistrate judge had before him the bond papers and the bond order which he had personally issued, the docket sheet, his knowledge of McMichael's earlier failure to appear, and Higgins' testimony. McMichael failed to present any evidence raising doubts about his guilt.
 
 III.
 
 7
 McMichael also argues that the evidence was insufficient to establish his failure to appear in violation of § 3146. Viewing the evidence in the light most favorable to the government, we review the record to determine whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982).
 
 
 8
 A prima facie case of failure to appear is established upon a showing that (1) the defendant, (2) after having been released, (3) knowingly and willfully failed to appear, (4) as required by the conditions of release. United States v. Smith, 548 F.2d 545, 548 (5th Cir.), cert. denied, 431 U.S. 959 (1977); 18 U.S.C. § 3146(a). McMichael's identity and the fact that he failed to appear cannot seriously be disputed. He waived the issue of identity at the removal hearing and pled guilty to the very charge from which the failure to appear information arose. The certified copy of the court's docket, interpreted by Higgins, illustrated that McMichael was indeed absent from court on February 1, 1990.
 
 
 9
 The bond papers evidence McMichael's knowledge of his obligation to appear. Those papers ordered McMichael to appear on February 1, 1990 as a condition of his release. By signing those papers, McMichael was adopting the acknowledgement, appearing directly above his signature, which provided as follows: "I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed...." The bond papers were a part of the court file and the magistrate judge could properly take judicial notice of those papers and their content under Fed.R.Evid. 201(b), even though they were not formally admitted into evidence. See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir.1989).
 
 
 10
 Circumstantial evidence may establish willfulness. Smith, 548 F.2d at 549. Such evidence supports a finding of guilt in this case. The magistrate judge was aware of McMichael's knowledge of his obligation to appear as well as the fact that he had previously failed to appear at the first scheduled hearing. His failure to appear a second time, when combined with evidence of notice, provided the necessary proof of a willful failure to appear. The district court correctly found McMichael guilty beyond a reasonable doubt.
 
 
 11
 We therefore affirm the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 12
 AFFIRMED.
 
 
 
 *
 McMichael was transferred to the Eastern District of Virginia from the District of Maryland after he waived the issue of identity at a Fed.R.Crim.P. 40 removal hearing