Jean–Claude CESAR, Plaintiff,

v.

**RUBIE'S COSTUME CO., INC., Defendant.**

No. CV–02–5766(NGG).

United States District Court, E.D. New York.

Jan. 20, 2004.

Jay A. Bondell, Schweitzer Cornman Gross & Bondell LLP, New York City, for Plaintiff.

Andrew S. Langsam, Levisohn, Lerner, Berger & Langsam, LLP, New York City, for Defendant.·

*Memorandum and Order*

GARAUFIS, District Judge.

In this copyright infringement claim brought by Jean–Claude Cesar ("plaintiff") against Rubie's Costume Co., Inc. ("defendant"), the court now considers the plaintiff's motion to enter judgment pursuant to a Fed. R.Civ.P. 68 offer of judgment that was allegedly accepted by the defendant. The defendant opposes this motion on the ground that the Rule 68 offer included a mistake and that the defendant revoked the offer of judgment prior to the plaintiff's acceptance. The Second Circuit has not yet ruled on whether a defendant can revoke a Rule 68 offer of judgment when the offer contains a material mistake. For the reasons discussed below, I conclude that the defendant can revoke the instant Rule 68 offer and, as a result, the plaintiff's motion is denied.

## I.  Background

In this action, the plaintiff alleges that the defendant has infringed and continues to infringe on the plaintiff's copyrighted animal nose mask designs by manufacturing and selling animal nose mask designs that are identical to or substantially similar to the plaintiff's copyrighted designs. Complaint at ¶ 13. At this time, the plaintiff has not joined the defendant's customers; however, in discussions with the defendant's counsel, the plaintiff appears to have orally alleged that the defendant's customers are also liable for similar and related copyright infringement. *See* Defendant's September 25, 2003 Letter ("Def. 9/25 Let.").

The instant dispute arose as the parties were completing discovery and, through their attorneys, discussing settlement. Defendant's October 1, 2003 Letter ("Def. 10/1 Let.") at 2. The defendant initiated a settlement discussion by telephone and both parties provided their calculations for potential and likely damage awards. *Id.* All potential settlement amounts were discussed in terms of the total liability for Rubie's and its customers collectively. *Id.* During this conversation, the parties' proposed settlement figures were far apart. *Id.* At the conclusion of the conversation, "Rubie's attorney indicated … that it appeared that an offer of settlement of twice the amount offered by Rubie's in the conversation would still result in Cesar's rejection and demanding more. Cesar's attorney responded that that appeared to be true." *Id.*

As a consequence, on September 25, 2003 the defendant served a Fed.R.Civ.P. 68 Offer of Judgment ("Offer") on the plaintiff which offered "substantially twice the amount" that the defendant had mentioned in the original settlement conversation. *Id.* However, the language of the Offer only purported to release the defendant and not its customers. *See* September 25, 2003 Offer of Judgment ("Offer"). Later on September 25, the plaintiff's attorney telephoned defendant's attorney and stated that the plaintiff would not consider a global settlement for the amount proposed in the Offer but that the plaintiff was considering accepting the Offer and continuing to pursue its claims against the defendant's customers. *Id.* At that time, the plaintiff's counsel stated that, after conducting legal research, he had concluded that the Offer was irrevocable. *Id.* Defendant's attorney then researched the issue and, later that same day, sent a letter to the plaintiff stating "[o]ur Offer of Judgment, not having been accepted to date, is being withdrawn, revoked, and retracted because of an obvious mistake and/or mutual error." Def. 9/25 Let. This letter recounted the earlier settlement conversation between the parties' counsel and argued that the language in the Offer stating that the settlement would release only the defendant and not its customers was a mistake. *Id.* The same letter stated that a

new offer of judgment would be provided. *Id.*

Later on September 25, 2003, the plaintiff, in a written submission to the court, filed a document titled "Plaintiff's Acceptance of Defendant's Offer of Judgment" where it stated that, pursuant to Rule 68, the plaintiff accepted the Offer.

In its lengthy October 7, 2003 letter to the court in which the plaintiff argued that Rule 68 requires the court to enter the Offer in judgment, the plaintiff has not contested any of these facts. Because the facts are not contested, I declined to hear oral testimony on this issue. Because of this lack of disagreement as to the underlying facts, I credit the defendant's rendition of the relevant events, as described above.

## II. Legal Discussion

The plaintiff argues that the Offer must be entered in judgment pursuant to Fed. R.Civ.P. 68 and the defendant argues that contract and equity principles counsel against entering the Offer in judgment. Federal Rule of Civil Procedure 68 states that

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment.

Neither the Second Circuit nor any district court within the Second Circuit has determined if and to what extent Rule 68 offers are revocable. Other courts are divided on the issue of whether Rule 68 offers are revocable. In a variety of contexts, the Seventh, Eighth, and D.C. Circuits have all stated that Rule 68 offers are irrevocable during the ten-day period. *See Webb v. James,* 147 F.3d 617, 620–21 (7th Cir.1998) (holding that Rule 68 prohibits defendant from revoking an offer even after a dispute has arisen as to the meaning of the offer but that Rule 60 permits

a court to void a validly accepted Rule 68 offer in some circumstances); *Perkins v. U S West Communications,* 138 F.3d 336, 339 (8th Cir.1998) ("We conclude that the plain language of Rule 68 mandates that an offer of judgment remain valid and open for acceptance for the full ten-day period outlined in the Rule despite an intervening grant of summary judgment by the district court."); *Richardson v. Nat'l R.R. Passenger Corp.,* 49 F.3d 760, 764–65 (D.C.Cir.1995) (holding that Rule 68 offers are "simply not revocable during the 10–day period but that a judgment entered on a properly accepted Rule 68 offer can be modified or withdrawn under Fed.R.Civ.P. 60(b) if the offer is induced by actual misconduct on the part of the plaintiff"); *see also Pope, et al. v. Lil Abner's Corp.,* 92 F.Supp.2d 1327 (S.D.Fla.2000) (holding that a counteroffer does not terminate the power of a Rule 68 offeree to accept the Rule 68 offer within the prescribed ten day period). However, the Fourth Circuit and at least one district court have held that, in limited circumstances, Rule 68 offers can be revoked when there is good cause. *Colonial Penn Ins. Co. v. Coil,* 887 F.2d 1236, 1240 (4th Cir.1989) (permitting revocation of offer of judgment induced by fraud); *Fisher v. Stolaruk Corp.,* 110 F.R.D. 74, 76 (E.D.Mich.1986). In *Fisher,* the court held that Rule 68 offers should be governed by background contract principles and that such offers are revocable where a mistake is made. *Fisher,* 110 F.R.D. at 76; *see also Goodheart Clothing Co. v. Laura Goodman Enter., Inc.,* 962 F.2d 268, 272 (2d Cir.1992) (Rule 68 offers of judgment "are construed according to ordinary contract principles"); *Colondres v. Scoppetta,* 290 F.Supp.2d 376 (E.D.N.Y.2003) (same). The *Fisher* court announced a four-part test for determining when a party is entitled to rescission: (1) the mistake must be sufficiently consequential that enforcement of the contract would be unconscionable; (2) the mistake must be material; (3) the mistake must have not been caused by negligent conduct; and (4) it must be possible to place the plaintiff in the same position it was in *ex ante. Id.* at 76.

■ For a variety of reasons, I agree with the court in *Fisher* and hold that Rule 68

offers are revocable in those cases where contract law would permit the offer to be revoked.

■ First, the text of Rule 68 does not explicitly state whether a Rule 68 offer can be revoked. *See* Moore's Federal Practice § 68.04[4] (2002) (noting "[t]he silence of Rule 68 on the issue of revocability"); *but see e.g., Webb,* 147 F.3d at 621 (holding that the Rule 68 language which states that the clerk "shall enter judgment" upon the filing of an accepted offer "removes discretion from the clerk or the trial court as to whether to enter judgment upon the filing of the accepted offer"). While the language stating that the "clerk shall enter judgment" suggests that the clerk's obligation is merely ministerial, there is nothing in this language which suggests that the court's role is ministerial. In some contexts, "the district court has inherent supervisory power to revoke an offer of settlement made pursuant to Rule 68." *Colonial Penn Ins. Co.,* 887 F.2d at 1240. If the Rule were intended to deprive district courts of these essential and historic supervisory powers, its language would be far more explicit than it is. Further, the Federal Rules of Civil Procedure should not be applied in such a way as to cause gross inequities. *See id.* at 1240 (noting that the "equities" favored revocation of a Rule 68 offer where the plaintiff had engaged in fraud and stating that enforcing the accepted Rule 68 offer "would do violence to the precepts of justice that underpin the Federal Rules of Civil Procedure, and that is the primary purpose of courts, to do justice"). This is particularly true where the text of the rule at issue is at least ambiguous and at most silent as to the issue at hand.

Second, permitting Rule 68 offers to be revoked where there is a mistake will not damage Rule 68's effectiveness in encouraging settlements. The rationale for holding that Rule 68 offers are irrevocable was best stated by the D.C. Circuit:

> Rule 68 sets forth a rather finely tuned procedure; unlike a normal contract offer, an offer of judgment under the Rule imposes certain consequences that can be costly for the plaintiff who declines the offer. The Rule is thus designed to put

significant pressure on the plaintiff to think hard about the likely value of its claim as compared to the defendant's offer. In return, the plaintiff, as we understand the scheme, is guaranteed 10 days to ponder the matter (as though the plaintiff had paid for a 10–day option). If the Rule were to be read as ... [permitting revocation of an unaccepted offer], the pressure on the plaintiff would be greater than the Rule contemplates, because the Rule so construed would allow a defendant to engage in tactical pressuring maneuvers.

*Richardson,* 49 F.3d at 765. In other words, Rule 68 is designed to emphasize settlement and this is best accomplished through a procedure that allows for offers that are irrevocable for a short period of time. There is undoubtedly a valid concern that defendants could strategically use Rule 68 offers to engage in "tactical pressuring maneuvers" if Rule 68 offers were generally revocable; however, this concern is least potent in the context of offers that include a significant mistake. Where, as in the instant case, there is an obvious mistake in the text of the offer, the greatest concern is that a plaintiff will use the offer to achieve a strategic advantage. Further, this is especially problematic when Rule 60(b) permits district courts to void a judgment that, according to the *Richardson* court, must be entered pursuant to Rule 68. Such a doctrine encourages plaintiffs to move to issue judgment on the mistaken offer while virtually ensuring that the court will ultimately void the judgment. This will have the exclusive result of creating unnecessary litigation costs and delay without affecting the outcome of the case in any way.

Further, permitting offers to be revoked in the limited circumstances that satisfy the *Fisher* test will not increase satellite litigation overall. There can be no question that a blanket rule that Rule 68 offers are irrevocable is an easier rule to adjudicate than is a rule that permits defendants to revoke offers in limited circumstances. However, the reality is that in cases where a lawyer made what is essentially a clerical mistake in an offer and quickly communicated the mistake to the plaintiff, entering the offer in judgment will

ensure that the defendant will bring a malpractice action against his or her lawyer. Such a malpractice action will: (1) require adjudication of many of the same issues involved in a *Fisher* analysis of a Rule 68 offer and acceptance; and (2) mean the addition of at least one new party into the litigation—the lawyer. As a result, in the final analysis, permitting Rule 68 offers to be revoked in limited circumstances will not increase satellite litigation overall.

## III. Application of Law to Facts

■ It is clear that the instant case falls within the *Fisher* doctrine holding that Rule 68 offers should be voided in cases of mistake. The *Fisher* court announced a four-part test for determining when a party is entitled to rescission: (1) the mistake must be sufficiently consequential that enforcement of the contract would be unconscionable; (2) the mistake must be material; (3) the mistake must have not been caused by negligent conduct; and (4) it must be possible to place the plaintiff in the same position it was in *ex ante*. *Fisher,* 110 F.R.D. at 76. In *Fisher,* a defendant made an offer that provided for a monetary judgment and "costs" where the underlying claim provided successful plaintiffs with attorneys fees as well as costs. *Id.* at 75. At the time the offer was made, the defendant's counsel had believed the term "costs" included attorneys fees. *Id.* The defendant's attorney quickly researched the issue and discovered that "costs" do not include attorneys fees. *Id.* As a result, the defendant's attorney contacted the plaintiff's attorney and advised him that the defendant intended the offer to be exclusive of fees. *Id.* The plaintiff's counsel discussed the issue with his client and the client then decided to accept the offer of judgment and served the defendant with the necessary acceptance documents. *Id.* at 75–76. In considering the third prong of the test, the court concluded that "[b]y drafting the offer under a mistake of law, defendant's counsel demonstrated some amount of legal negligence. However, defendant's counsel acted promptly to correct his mistake before the plaintiff's counsel had satisfied the technical requirements for acceptance." *Id.* at 76. After this acceptance, the defendant then attempted to rescind the offer. *Id.*

■ In the instant case, the defendant has clearly satisfied the *Fisher* four-pronged test. First, it would be unconscionable to permit the plaintiff to take advantage of what is essentially a clerical error on the part of defendant's counsel. *See id.* at 76 (it would be "unconscionable to allow plaintiff to take advantage" of defendant's counsel's mistake). Second, whether the settlement covers the defendant alone or the defendant and the defendant's customers is obviously material. Third, although there clearly was some negligence on the part of the defendant's counsel in this matter, the defendant has satisfied this prong of the test. In *Fisher,* the "defendant's counsel demonstrated some amount of legal negligence" in failing to understand the difference between costs and fees, however this prong of the test was certainly met. *Id.* at 76. In the instant case, there was some minimal quantum of negligence in the defendant's counsel's failure to include a reference to claims against the defendant's customers in the Rule 68 Offer. However, given the clerical nature of the mistake and the fact that the plaintiff had not named the defendant's customers in the Complaint, I find that a reasonable attorney could have easily made such a mistake. Finally, because the offer, revocation, and acceptance occurred over the course of a single day, there can not be any doubt that the plaintiff can be restored to its *ex ante* position. In fact, where a defendant expresses its intent to make a Rule 68 offer by telephone, subsequently makes a Rule 68 offer containing an obvious but significant clerical mistake, and defendant's counsel conveys the mistake to the plaintiff's counsel on the very same day, there can be no better case for revocation of a mistaken Rule 68 offer. This court can conceive of no hypothetical case where it would be more appropriate to permit the defendant to revoke his mistaken Rule 68 offer.

## IV. Conclusion

For the reasons discussed above, the plaintiff's motion that judgment be entered pursuant to Rule 68 is DENIED. Finally, the

court notes that it has not reached the question of whether the judgment could be vacated under Fed.R.Civ.P. 60(b) in the event that the court was required to enter judgment under Rule 68.

SO ORDERED.