**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 10-4399**

—————————

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

JAMES KANE,

                    Defendant - Appellant.

—————————

Appeal from the United States District Court for the Western
District of North Carolina, at Bryson City.   Martin K.
Reidinger, District Judge. (2:08-cr-00024-MR-DLH-1)

—————————

Submitted: May 24, 2011              Decided: June 3, 2011

—————————

Before KING, DUNCAN, and WYNN, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Harold M. Vaught, Charlotte, North Carolina, for Appellant. Anne
M. Tompkins, United States Attorney, Amy E. Ray, Assistant
United States Attorney, Asheville, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Kane pleaded guilty to possession of a firearm after having previously been convicted of a crime punishable by a term exceeding one year of imprisonment, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced Kane to 180 months of imprisonment and he now appeals. For the reasons that follow, we affirm.

Kane argues on appeal that the district court erred in determining that his prior New Jersey convictions for burglary qualified as predicate offenses under the Armed Career Criminal Act ("ACCA"). This court reviews a district court's determination of whether prior convictions qualify as predicate convictions for purposes of the ACCA de novo. United States v. Brandon, 247 F.3d 186, 188 (4th Cir. 2001). Under the ACCA, if a defendant is convicted of violating § 922(g) and has sustained three prior convictions for violent felonies or serious drug offenses committed on occasions different from one another, the defendant is subject to a statutory mandatory minimum of fifteen years of imprisonment. 18 U.S.C. § 924(e)(1) (2006). A violent felony is defined as a "crime, punishable by a term exceeding one year of imprisonment, . . . that . . . is burglary." 18 U.S.C. § 924(e)(2)(B)(i)-(ii) (2006).

In Taylor v. United States, 495 U.S. 575 (1990), the Supreme Court concluded "that a person has been convicted of

2

burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Id. at 598. Moreover, where a state statute contains both this generic burglary offense and another offense that does not meet these elements, such as where a burglary statute includes entry into "places, such as automobiles and vending machines, other than buildings," then a district court must employ the "modified categorical approach" to determine whether a defendant was convicted of a generic burglary offense. Id. at 599-602. In making this determination, a court may look to the statutory definition of burglary, the charging documents, the jury instructions, the terms of the plea agreement, the transcript of the plea colloquy and the factual basis for the plea, or other comparable judicial records. Id. at 602; Shepard v. United States, 544 U.S. 13, 26 (2005).

Here, the New Jersey statute under which Kane was convicted provides that "[a] person is guilty of burglary if, with purpose to commit an offense thereon, he (1) [e]nters a research facility, structure, or a separately secured or occupied portion thereof unless the structure was at the time open to the public or the actor is licensed or privileged to

3

enter." N.J. Stat. Ann. § 2C:18-2(a)(1) (2005). "Structure," for purposes of this statute, is defined as "any building, room, ship, vessel, car, vehicle, or airplane." N.J. Stat. Ann. § 2C:18-1(a) (2005). Therefore, the statute includes both generic burglary and other offenses.

Moreover, the Government did not provide the district court with the charging document related to these convictions. To rectify this omission, the Government has moved this court to take judicial notice of the indictment charging Kane with the burglaries. We conclude that we may take judicial notice of the indictment. See Lolavar v. De Santibanes, 430 F.3d 221, 224 n.2 (4th Cir. 2005) (taking judicial notice of court records); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) (taking judicial notice of guilty pleas entered into after the district court proceedings). Moreover, we conclude that the indictment confirms that Kane pleaded guilty to unlawfully entering a building with the intent to commit a crime therein and, therefore, his burglary convictions qualified as predicate offenses for the ACCA enhancement.

Accordingly, we grant the Government's motion to file a supplemental joint appendix and affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the

4

materials before the court and argument would not aid in the decisional process.

AFFIRMED