**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4697**

_____

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

CHARLES STEVEN MCDONALD,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  James C. Fox, Senior District Judge.  (4:13-cr-00061-F-1)

_____

Submitted:  June 30, 2015              Decided:  July 14, 2015

_____

Before WILKINSON and AGEE, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Matthew M. Robinson, ROBINSON & BRANDT, P.S.C., Covington, Kentucky, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Steven McDonald appeals his sentence after a jury conviction for distributing cocaine base. On appeal, McDonald contends his sentence is procedurally unreasonable because one of his prior North Carolina drug convictions was not punishable by more than one year in prison and does not qualify as a predicate felony controlled substance offense for enhancement purposes under U.S. Sentencing Guidelines Manual § 4B1.1 (2013); and even if he is a career offender, his sentence at the bottom of his advisory Guidelines range is substantively unreasonable because it is greater than necessary to achieve the goals of sentencing under 18 U.S.C. § 3553(a) (2012). We affirm.

We review the reasonableness of a sentence for abuse of discretion. United States v. Lymas, 781 F.3d 106, 111 (4th Cir. 2015) (citing Gall v. United States, 552 U.S. 38, 41 (2007)). First, we consider whether the district court committed a significant procedural error, such as improperly calculating the advisory Guidelines range. Gall, 552 U.S. at 51. If the sentence is procedurally reasonable, we consider whether it is substantively reasonable, taking into account the totality of the circumstances. Id. On appeal, we presume that a sentence within or below a properly calculated Guidelines range is substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012). The presumption can only be rebutted by showing that the

2

sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014).

In determining whether the Guidelines calculation was proper, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Dodd, 770 F.3d 306, 309 (4th Cir. 2014), cert. denied, 135 S. Ct. 1514 (2015) (citation and quotation marks omitted). "Where a Guidelines application involves a mixed question of law and fact, the applicable standard turns on the nature of the circumstances at issue." United States v. Adepoju, 756 F.3d 250, 256 (4th Cir. 2014). "If the application turns on a question of fact, the clear error standard applies; if it turns on a legal interpretation, de novo review is appropriate." Dodd, 770 F.3d at 309 (citation omitted). "A district court's application turns primarily on fact where . . . it depend[s] on an evaluation and weighing of the factual details." Id. at 309 n.3 (citation and internal quotation marks omitted).

"Generally, we review de novo an issue of law whether a prior offense qualifies" as a predicate "for purposes of the Guidelines' career offender enhancement." United States v. Carthorne, 726 F.3d 503, 509 (4th Cir. 2013), cert. denied, 134 S. Ct. 1326 (2014) (citation omitted). "However, when a defendant has not objected

3

to that classification before the district court, we review such a question for plain error." Id. (citations omitted).

We have reviewed the record and conclude that McDonald's sentence is both procedurally and substantively reasonable, and the district court neither erred nor abused its discretion. The probation officer determined that McDonald was a career offender based on prior North Carolina convictions in paragraphs 29 and 30 of the presentence report. The report noted that he was sentenced to 12 to 15 months in custody for the paragraph 29 conviction. For the paragraph 30 conviction, the report noted that he was sentenced to 12 to 15 months in custody, consecutive to another conviction, suspended, and 36 months of probation. Although McDonald was sentenced on the same day for these convictions, they were separated by an intervening arrest.

McDonald's counsel in the district court filed no objections to the presentence report and conceded that he was a career offender. McDonald filed pro se objections claiming that he should not receive any criminal history points for the paragraph 30 conviction because he was sentenced on the same day as the convictions in paragraphs 28 and 29, and he was not a career offender because he did not have the requisite two prior controlled substance offenses. The Government responded to the objection at sentencing that the offenses were "appropriately scored separately and considered separate predicate convictions for career offender

4

purposes." The district court properly overruled the objection. See USSG § 4A1.2(a)(2).

McDonald never claimed in the district court that his prior conviction in paragraph 30 was not punishable by more than one year in prison. However, he claims for the first time on appeal that he "was not exposed to a sentence of a year or more in prison, but was sentenced to a term of 36 months probation for the offense." Moreover, he claims that the offense was a Class I felony under North Carolina law that was not punishable by more than one year in prison. Thus, while he concedes that his conviction in paragraph 29 was a predicate for career offender purposes, he contends that the paragraph 30 conviction was not.

The Government has responded that McDonald's argument ignores that he was also sentenced to 12 to 15 months in custody, suspended and consecutive to another sentence, for the paragraph 30 conviction. In addition, to remove any question that the conviction qualifies as a felony, the Government has provided the state judgments in an addendum to its brief. The judgment for the paragraph 30 conviction shows that it was in fact a Class G felony. The Government notes the judgments were provided to McDonald's former counsel in the district court. Former counsel's response to McDonald's pro se letter filed in the district court before sentencing supports this claim.

5

McDonald has moved to strike the addendum because the judgments "were never introduced by the government in the district court or considered by the district court at McDonald's sentencing." As the Government notes, McDonald does not contest that they are copies of public records or that they accurately reflect his sentences. McDonald also contends that based on the evidence before the district court at sentencing, his paragraph 30 conviction did not qualify as a predicate conviction for career offender purposes. We disagree. McDonald never objected that his prior conviction was a Class I felony or was otherwise not punishable by more than one year in prison in the district court; counsel conceded that he was a career offender; the court properly denied the objection that he made based on the record; and the court was permitted to accept the "undisputed portion of the presentence report as a finding of fact." Fed. R. Crim. P. 32(i)(3)(A); see also United States v. Revels, 455 F.3d 448, 451 n.2 (4th Cir. 2006). There was no reason for the Government to offer the judgments into evidence, as there was no objection calling them into question. See Fed. R. Crim. P. 32(i)(2).

"[T]he qualification of a prior conviction [as a sentencing predicate] does not depend on the sentence [a defendant] actually received but on the maximum sentence permitted for his offense of conviction." United States v. Bercian-Flores, 786 F.3d 309, 316 (4th Cir. 2015) (citations and internal quotation marks omitted).

6

Thus, the fact that McDonald's prison sentence was suspended did not mean that his offense was not punishable by more than one year in prison. On the other hand, the fact that he actually received a custody sentence exceeding one year, albeit suspended, supported the determination that the prior offense was punishable by more than one year in prison.

Nonetheless, to remove any doubt created by McDonald's factual claim made for the first time on appeal that his prior conviction was a Class I felony that was not punishable by more than one year in prison, and because the accuracy of the state judgments included in the addendum to the Government's brief is not disputed, we conclude that it is in the interest of justice to take judicial notice of the judgments. See Fed. R. Evid. 201; Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239-40 (4th Cir. 1989). We therefore deny McDonald's motion to strike.

We further conclude that McDonald has failed to rebut our presumption that his sentence is substantively reasonable. The district court considered his arguments and imposed a sentence at the bottom of the Guidelines range in recognition of the significant impact resulting from his designation as a career offender. However, the district court reasonably determined that a significant prison term was appropriate because he had not responded favorably to prior judicial intervention.

Accordingly, we deny McDonald's motion to strike and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED