**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4279**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

    v.

AARON CARMICHAEL,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:14-cr-00211-FL-1)

Submitted: December 23, 2015          Decided: January 12, 2016

Before NIEMEYER and SHEDD, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aaron Carmichael pled guilty to possession of a firearm and ammunition by a convicted felon. The district court varied upward and sentenced Carmichael to 72 months' imprisonment. On appeal, Carmichael argues that the district court erred by applying a two-level enhancement for possessing a stolen firearm and by imposing a four-level upward variance. We affirm.

We review a sentence for procedural and substantive reasonableness, applying "an abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). "In assessing the district court's calculation of the Guidelines range, we review its legal conclusions de novo and its factual findings for clear error." United States v. Cox, 744 F.3d 305, 308 (4th Cir. 2014). "Sentencing judges may find facts relevant to determining a Guidelines range by a preponderance of the evidence," id. (internal quotation marks omitted), that is, the court must find these facts "more likely than not" to be true, see United States v. Kiulin, 360 F.3d 456, 461 (4th Cir. 2004). Having reviewed the record, we conclude that the district court's finding that the firearm Carmichael possessed was more likely than not stolen was not clearly erroneous. Although the firearm's owner believed that the firearm had been mislaid, the district court was not required to agree with this conclusion in light of the facts indicating otherwise.

2

Carmichael also challenges the upward variance imposed by the district court. A district court "has flexibility in fashioning a sentence outside of the Guidelines range," and need only "'set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis'" for its decision. United States v. Diosdado-Star, 630 F.3d 359, 364 (4th Cir. 2011) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)) (alteration omitted). "In reviewing a variant sentence, we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Washington, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). Having reviewed the record and the district court's thorough explanation of its sentence, we conclude that Carmichael's variance sentence is reasonable.

Accordingly, we affirm the judgment of the district court.[*] We dispense with oral argument because the facts and legal

---

[*] We note that, as Carmichael asserts in his reply brief, the Government's brief contains several factual statements that are unsupported by the record. We decline to consider such allegations on appeal. See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("[A]n appellate court normally will not consider facts outside the record on appeal.").

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED