SEVENSON ENVIRONMENTAL
SERVICES, INC., Plaintiff,

v.

SHAW ENVIRONMENTAL,
INC., Defendant.

No. 02–CV–0527A.

United States District Court,
W.D. New York.

Aug. 20, 2007.

**152**

Brian E. Ferguson, Stephan K. Shahida, McDermott, Will & Emery, Washington, DC, Kevin A. Szanyi, Todd M. Schiffmacher, Nelson Perel, Webster Szanyi, LLP, Buffalo, NY, for Plaintiff.

Geoffrey D. Kressin, J. David Gonce, Mark S. Graham, Michael J. Bradford, Luedeka, Neely & Graham, P.C., Knoxville, TN, for Defendant.

## DECISION AND ORDER

RICHARD J. ARCARA, Chief Judge.

### *INTRODUCTION*

Currently before the Court is the motion of plaintiff Sevenson Environmental Services, Inc. ("Sevenson"), for relief of judgment, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Defendant Shaw Environmental, Inc. ("Shaw"), opposes the motion. Oral argument on the pending motions was held on July 26, 2007.

For the reasons stated herein, the Court denies Sevenson's Rule 60(b) motion.

### *BACKGROUND*

This case relates to the cleanup of a lead-contaminated parcel of land near Colonie, New York ("the Colonie site") that is owned by the United States and managed by the U.S. Army Corps of Engineers. Defendant Shaw is a hazardous waste remediation firm that in 2002 contracted with the Corps of Engineers to engage in cleanup and remediation work at the Colonie site. Plaintiff Sevenson is a corporation that holds several U.S. patents regarding hazardous waste remediation, including some that claim methods for treating hazardous waste by applying phosphoric acid.

Sevenson brought the instant action on July 23, 2002, alleging that Shaw's work at the Colonie site infringed Sevenson's patents. On March 22, 2006, the Court granted summary judgment in favor of Shaw, on the ground that suit was barred by government contractor immunity, under 28 U.S.C. § 1498(a).[1] Sevenson appealed. The Federal Circuit affirmed this Court's decision on February 21, 2007. *See Sevenson Envt'l Servs., Inc. v. Shaw Envt'l, Inc.*, 477 F.3d 1361 (Fed.Cir.2007).

On October 11, 2005, during the pendency of the instant case, Sevenson commenced an action against the United States in the United States Court of Federal Claims (the "Court of Claims Case"), seeking compensation, under § 1498(a), for Shaw's alleged use of Sevenson's patents. During discovery in the Court of Claims Case, Sevenson propounded an interrogatory to the United States, asking it whether Shaw used the "accused treatment method" at any site other than the Colonie site. The interrogatories defined "accused treatment method" to mean "any method or process of treating or stabilizing leachable metals and/or radionuclides contained in soils, water, or other environmental media using phosphoric acid or any other chemical or chemicals supplying at

---

1. Section 1498(a) provides in pertinent part as follows:

   Whenever an invention described n and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the United States Court of Federal Claims for the recovery of his reasonable and entire compensation for such use and manufacture.

   \* \* \* \* \* \*

   For the purposes of this section, the use or manufacture of an invention described in and covered by a patent of the United States by a contractor, a subcontractor, or any person, firm, or corporation for the Government and with the authorization or consent of the Government, shall be construed as use or manufacture for the United States.

least one ion of phosphate and at least one ion of sulphate." The United States objected to the interrogatory on the grounds of overbreadth and relevancy, but responded that it was aware that Shaw was using or had used a "phosphate-based chemical" at three other sites, and then identified those sites.

According to Sevenson, it had propounded a similar interrogatory to Shaw in the instant case, but Shaw responded that it was unaware of any other sites. Sevenson contends that in light of the United States' response to the interrogatory in the Court of Claims Case, Shaw's response to the interrogatory in this case was false. Sevenson now moves for relief from judgment under Rule 60(b), based on Shaw's allegedly false answer to the interrogatory. Sevenson seeks to reopen this case, so that it can conduct discovery regarding the three other sites which Shaw allegedly failed to disclose.

## DISCUSSION

■ A Rule 60(b) motion is granted only upon a showing of exceptional circumstances, and cannot be used to relitigate the merits. *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). Such relief is appropriate only where a judgment may work an extreme and undue hardship. *See, e.g., Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir.1986), *cert. denied*, 480 U.S. 908, 107 S.Ct. 1353, 94 L.Ed.2d 523 (1987).

■ Sevenson is moving for relief of judgment under Rules 60(b)(2) and 60(b)(3). Rule 60(b)(2) provides relief when the movant presents newly discovered evidence that could not have been discovered earlier and that is relevant to the merits of the litigation. *Schwartz v. Capital Liquidators, Inc.*, 984 F.2d 53, 54 (2d Cir.1993).

> [T]he [Rule 60(b)(2)] movant must demonstrate that (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching.

*United States v. International Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir.2001) (citations omitted).

■ Rule 60(b)(3) allows relief from final judgment if there was fraud, misrepresentation or other misconduct by the opposing party. "[A] Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits." *Fleming v. New York University*, 865 F.2d 478, 484 (2d Cir.1989).

■ The Court finds that Sevenson has failed to satisfy the requirements of either Rule. With regard to Rule 60(b)(2), Sevenson has failed to establish that the newly discovered evidence would change the outcome in *this* case. This case has always been about the Colonie site. That was the only site mentioned in the complaint. Although Sevenson tried to use broad language in the complaint that would encompass other possible sites, it never named any other site. Because Sevenson named only the Colonie site in its complaint, it is reasonable to assume that the Colonie site was the only site for which Sevenson had a good faith basis to pursue a claim. The possible existence of other infringing sites must have been based on speculation and conjecture. The discovery process does not allow a patent holder to allege one instance of alleged infringement and then conduct a fishing expedition to try to discover other instances. *See Moore U.S.A., Inc. v. Standard Register Co.*, 229 F.3d 1091, 1116 (Fed.Cir.2000), *cert. denied*, 532 U.S. 1008, 121 S.Ct. 1734, 149 L.Ed.2d 659 (2001); *Tesseron, Ltd. v. R.R. Donnelley & Sons Co.*, 2007 WL 2034286 (N.D.Ohio July 10, 2007).

In any event, the judgment in this case was with regard to the Colonie site only. Both this Court and the Federal Circuit have determined that Sevenson's claim against Shaw regarding the Colonie site is barred by government contractor immunity. Reopening this case with regard to the other three sites would not change that outcome.

In addition, Sevenson has failed to show exceptional circumstances for reopening this

case. Sevenson does not allege that it will suffer any undue hardship if this case is not reopened. For example, Sevenson does not allege that it would be barred by the statute of limitations from pursuing patent infringement claims regarding the other three sites unless this case is reopened.[2]

■ With regard to Rule 60(b)(3), Sevenson has failed to show fraud or misrepresentation by clear and convincing evidence. Sevenson's motion relies on Shaw's supposedly false response to the interrogatory in this case asking Shaw to identify all locations where it had used "the same method as that used at the Colonie, N.Y. site." Shaw responded that it was aware of no such locations. In the Court of Claims Case, Sevenson propounded a similar interrogatory to the United States, but the interrogatory was more broadly worded and was not limited to "the same method as that used at the Colonie, N.Y. site." The Court of Claims interrogatory instead asked the United States to identify any other location where Shaw used the "accused treatment method," which was broadly defined to include almost any method involving a phosphate based chemical, not just the phosphoric acid method allegedly used at the Colonie site. Thus, it is not clear from the record that Shaw's answer to the interrogatory in this case was fraudulent or a misrepresentation.

## CONCLUSION

For the reasons stated, the Court denies Sevenson's Rule 60(b) motion for relief from judgment.[3]

SO ORDERED.

---

**2.** When asked by the Court at oral argument whether there would be a statute of limitations issue with regard to the other three cites, Sevenson's counsel responded that there "may" be an issue, but he did not know.

**3.** Shaw has moved: (1) to strike the affidavit of Sevenson's counsel in support of the Rule 60(b) motion; and (2) to strike portions of Sevenson's reply memorandum, or in the alternative, to submit a sur-reply. Both motions to strike are denied and the motion to submit a sur-reply is granted.