Bart SCHWARTZ, doing business
as Vertical Import Co.,
Plaintiff–Appellant,

v.

CAPITAL LIQUIDATORS, INC., Estate
of Wallace Lieberman, and Estate of
Denise Lieberman, Defendants–Appellees.

No. 785, Docket 92–7529.

United States Court of Appeals,
Second Circuit.

Submitted Jan. 6, 1993.

Decided Jan. 13, 1993.

Steven Sarshik, Garden City, NY, for plaintiff-appellant.

Before: KEARSE and WINTER, Circuit Judges, and CABRANES, Chief Judge *.

PER CURIAM:

Plaintiff Bart Schwartz appeals from a final judgment entered in the United States District Court for the Southern District of New York following a jury trial before Michael B. Mukasey, *Judge*, dismissing his complaint, and from an order of the district court denying a motion pursuant to Fed. R.Civ.P. 60(b). Schwartz, who proceeded *pro se* during most of the proceedings below, including the trial, but who is here represented by counsel, principally ·challenges (a) the district court's dismissal of his conversion claim as a matter of law, (b) its instruction to the jury concerning his contract claim, and (c) its denial of his Rule 60 motion for a new trial on the basis of "newly discovered evidence." He also contends that the jury's verdict was against the weight of the evidence. Finding no basis for reversal, we affirm the judgment and order of the district court.

■ Schwartz's challenge to the trial court's dismissal of his conversion claim as a matter of law is without merit. "Conversion is any unauthorized exercise of dominion or control over property by one who is not the owner of the property which interferes with and is in defiance of a superior possessory right of another in the proper-

---

* Honorable José A. Cabranes, Chief Judge of the United States District Court for the District of Connecticut, sitting by designation.

ty." *Meese v. Miller*, 79 A.D.2d 237, 436 N.Y.S.2d 496, 500 (4th Dep't 1981). "Where the original possession is lawful, a conversion does not occur until the defendant refuses to return the property after demand or until he sooner disposes of the property." *Johnson v. Gumer*, 94 A.D.2d 955, 464 N.Y.S.2d 318, 319 (4th Dep't 1983). Here, the defendants had rightful control over Schwartz's property by virtue of the contract between them, and there was no evidence at trial that Schwartz ever demanded its return. The district court correctly granted defendants' motion for a directed verdict on Schwartz's conversion claim.

Schwartz's contention that the trial court erred in its instructions to the jury with respect to his breach-of-contract claim has some merit but provides no basis for reversal. Though the "substantial performance" doctrine is designed to avoid a forfeiture rather than to negate a breach, *see generally* E.A. Farnsworth, *Contracts* § 8.12 (1982), the error was harmless since the jury found that defendant did not "substantially fail[ ] to comply" with the terms of the contract, and, given the obvious lack of value of the property in question, any damages Schwartz might possibly have recovered as a result of a breach would have been minimal and offset by the amount still owed to the defendant.

█ The district court's denial of Schwartz's motion to vacate the judgment pursuant to Rule 60 on the basis of newly discovered evidence is to be reviewed under an abuse of discretion standard, *see, e.g., Maduakolam v. Columbia University*, 866 F.2d 53, 55 (2d Cir.1989); *United States v. Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir.), *cert. denied*, 462 U.S. 1144, 103 S.Ct. 3128, 77 L.Ed.2d 1379 (1983), and we see no abuse of discretion here. There was no indication that Schwartz could not have discovered this evidence earlier, and, in any event, the evidence bore on a matter that was entirely collateral to the merits of the litigation.

█ We reject Schwartz's contention that he should have a new trial on the ground that the jury's verdict was against the weight of the evidence. The weight of the evidence is a matter for argument to the jury, not a ground for reversal on appeal. *See, e.g., United States v. Roman*, 870 F.2d 65, 71 (2d Cir.), *cert. denied*, 490 U.S. 1109, 109 S.Ct. 3164, 104 L.Ed.2d 1026 (1989); *Compton v. Luckenbach Overseas Corp.*, 425 F.2d 1130, 1132 (2d Cir.1970); *Portman v. American Home Products Corp.*, 201 F.2d 847, 848 (2d Cir.1953). The testimony and other exhibits plainly provided sufficient evidence from which a rational juror could conclude that there was no breach of contract.

Finally, even if the weight of the evidence were a proper appellate argument, we would be compelled to view the argument here in light of the fact, of which we take judicial notice, that on December 15, 1992, a jury in a criminal prosecution pursuant to a six-count indictment, found Schwartz guilty on all six counts of making false declarations in his trial testimony in the present civil action, in violation of 18 U.S.C. § 1623 (1988). *See United States v. Schwartz*, No. 91 Cr. 985 (S.D.N.Y. Dec. 15, 1992 docket entry). We note that Schwartz's present counsel, who moved in this Court on December 28, 1992, to withdraw the challenge made in his brief to the district court's award of sanctions against Schwartz for bad faith and fraudulent conduct in the present case, (a) did not see fit in that communication to mention the December 15 perjury conviction, and (b) did not withdraw or modify his argument that the verdict was against the weight of the trial evidence. We would have expected counsel to exhibit greater candor.

The judgment and order of the district court are affirmed.