**Kerim KOSEATAC, Plaintiff–Appellant,**

**v.**

**Mark RUBIN, Defendant,**

John Malone, Defendant–Appellee.

No. 00–7281.

United States Court of Appeals,
Second Circuit.

Feb. 20, 2001.

Robert C. Agee, Bronxville, NY, for appellant.

Thomas J. Fitzgerald, Frank A. Composto, Brooklyn, NY, for appellee.

Present VAN GRAAFEILAND, KEARSE, and LEVAL, Circuit JJ.

*SUMMARY ORDER*

This cause came on to be heard on the record from the United States District Court for the Southern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Plaintiff Kerim Koseatac appeals from so much of a judgment of the United States District Court for the Southern District of New York, Nicholas J. Tsoucalas, *Judge*, sitting by designation, as dismissed his claim against defendant John Malone following a jury verdict in Malone's favor. On appeal, Koseatac contends principally that the trial court abused its discretion in denying his request to present rebuttal witnesses, that the court erred in failing to instruct the jury with respect to §§ 1201 and 1202 of the New York Vehicle and Traffic Law, and that the jury's verdict

was against the weight of the evidence. Finding no basis for reversal, we affirm.

■ It is well settled that "[a] district court has wide discretion in determining whether to permit evidence on rebuttal." *United States v. Tejada*, 956 F.2d 1256, 1266 (2d Cir.), *cert. denied*, 506 U.S. 841, 113 S.Ct. 124, 121 L.Ed.2d 80 (1992); *see also FDIC v. Suna Associates Inc.*, 80 F.3d 681, 687–88 (2d Cir.1996); *United States v. Hiss*, 185 F.2d 822, 832 (2d Cir. 1950) (whether testimony should be allowed on rebuttal is a "matter[ ] so clearly within the discretion of the judge ... that we think no more need be said."), *cert. denied*, 340 U.S. 948, 71 S.Ct. 532, 95 L.Ed. 683 (1951). In the present case, Koseatac principally sought to call as a rebuttal witness the police officer who had come to the scene after the accident to testify to the position of Malone's car. Given that Koseatac sought to show that Malone's car was not in the delta at the time Koseatac hit it, and given the testimony that the car, disabled when struck, had been moved by the impact of the crash, it was within the trial court's discretion to reject Koseatac's request to call the officer on rebuttal.

■ Nor do we see error in the trial court's refusal to instruct the jury that violations of New York's Vehicle and Traffic Law §§ 1201 and 1202 constitute negligence. Section 1201, by its terms, does "not apply to the driver of any vehicle which is disabled while on the paved or main-traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such disabled vehicle in such position." N.Y. Veh. & Traf. Law § 1201(b) (McKinney 1996). And § 1202, which prohibits a driver from stopping "[o]n a state expressway highway or state interstate route highway," does not apply in "an emergency." *Id.* § 1202(j). The evidence was uncontradicted that Malone's car, while being driven on the highway, had completely lost power; thus, it was clearly a "disabled" vehicle in "emergency" circumstances. Accordingly, it was not error to refuse to instruct the jury as to violations of those sections.

■ Finally, the weight of the evidence is a jury argument, not a ground for reversal on appeal. *See, e.g., Schwartz v. Capital Liquidators, Inc.*, 984 F.2d 53, 54 (2d Cir.1993) (per curiam); *United States v. Roman*, 870 F.2d 65, 71 (2d Cir.), *cert. denied*, 490 U.S. 1109, 109 S.Ct. 3164, 104 L.Ed.2d 1026 (1989).

We have considered all of Koseatac's contentions on this appeal and have found in them no basis for reversal. The judgment of the district court is affirmed.