**Arvind PARIKH, Plaintiff–Appellant,**

v.

**DEPARTMENT OF TRANSPORTATION OF the State of CONNECTICUT, Defendant–Appellee.**

No. 03–7022.

United States Court of Appeals, Second Circuit.

Oct. 1, 2003.

John R. Williams, Williams & Pattis, New Haven, CT, for Plaintiff–Appellant.

Joseph A. Jordano, Assistant Attorney General, for Richard Blumenthal, Attorney General of the State of Connecticut, Hartford, CT, for Defendant–Appellee.

Present: FEINBERG, KATZMANN, and RAGGI, Circuit Judges.

**Summary Order**

Familiarity with the facts is assumed. The only issue before us is whether the

District Court abused its discretion in denying relief under Federal Rule of Civil Procedure 60(b). *See Schwartz v. Capital Liquidators,* 984 F.2d 53, 54 (2d Cir.1993) (per curiam). Rule 60(b) provides for relief from judgment for, *inter alia,* "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Because there is no indication that plaintiff-appellant Arvind Parikh could not have discovered this evidence earlier, the District Court acted within its discretion when it denied relief under Rule 60(b). *See Boule v. Hutton,* 328 F.3d 84, 95 (2d Cir. 2003).

Even if we were to adopt Parikh's view that the district court's decision to reconsider its summary judgment award permits us to review *de novo* its decision to adhere to its initial ruling, we would conclude, substantially for the reasons stated by the district court in its October 11, 2002, and December 3, 2002, rulings that Parikh has failed to adduce sufficient evidence, both initially and on reconsideration, that could support an inference of discrimination in employment based on national origin.

We have reviewed all of plaintiff-appellant's arguments and, for reasons stated above, affirm.