**UNITED STATES of America,**
**Appellee,**

v.

**Wayne ALEXANDER, Defendant–**
**Appellant.**

**Docket No. 04–2806.**

United States Court of Appeals,
Second Circuit.

Feb. 18, 2005.

Barry D. Leiwant, New York, NY, for Appellant.

Jonathan S. Abernathy, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, Celeste L. Koeleveld, Assistant United States Attorney on the brief), New York, NY, for Appellee.

PRESENT: MCLAUGHLIN, HALL and JOHN R. GIBSON,* Circuit Judges.

## SUMMARY ORDER

Defendant-appellant appeals from a May 11, 2004 judgment of conviction of the United States District Court for the Southern District of New York (Lewis Kaplan, J.) entered after he pled guilty to being a felon in possession of a weapon in violation of 18 U.S.C. § 922(g). Defendant was sentenced as an armed career criminal pursuant to 18 U.S.C. § 924(e) which sets forth a mandatory minimum sentence of 15 years for those persons who violate section 922(g) and have three previous convictions for a violent felony or a serious drug offense, or both. On appeal, defendant argues that the determination that he was an armed career criminal was based on inadequate proof.

Because defendant did not object to the armed career criminal determination at the time he was sentenced, we review the district court's decision for plain error. *United States v. Danielson*, 199 F.3d 666, 671 (2d Cir.1999). Under this standard, we vacate a judgment only if we find that the district court made an error that is "clear and obvious," "affected substantial rights," and "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotations omitted).

According to the pre-sentence investigation report, defendant had two prior convictions for sale of a controlled substance in the third degree under New York state law. The third conviction, on which defendant's career armed criminal status was based, was a 1989 conviction for "assault with intent to cause serious injury with a weapon." Defendant contends that there is no such crime under New York law and accordingly, that there was insufficient evidence that he qualifies as an armed career criminal.

On appeal, the government has provided us with a certificate of disposition from defendant's 1989 conviction. That disposition shows that defendant was convicted of assault in the first degree in violation of Section 120.10 of New York's Penal Law. Pursuant to Federal Rule of Evidence 201, we may take judicial notice of this fact as it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b)(2); *see Schwartz v. Capital Liquidators, Inc.*, 984 F.2d 53, 54 (2d Cir.1993)(taking judicial notice of plaintiff's criminal conviction for making false declarations in his trial testimony); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir.1989)(holding that it is appropriate to take judicial notice of state court guilty pleas on appeal).

In light of this, it is clear there was no error which affected defendant's substantial rights. In determining whether a prior conviction is a "violent felony" pursuant to the Armed Career Criminals Act, "a court must adopt a 'categorical approach'

---

* The Honorable John R. Gibson, Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

generally requiring the court 'to look only to the fact of conviction and the statutory definition of the prior offense.'" *United States v. Danielson,* 199 F.3d 666, 671 (2d Cir.1999)(*quoting Taylor v. United States,* 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)).

At the time of defendant's conviction, Section 120.10 of New York's Penal Law provided that a person is guilty of assault in the first degree when:

1. With intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument; or

2. With intent to disfigure another person seriously and permanently, or to destroy, amputate or disable permanently a member or organ of his body, he causes such injury to such person or to a third person; or

3. Under circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes serious physical injury to another person; or

4. In the course of and in furtherance of the commission or attempted commission of a felony or immediate flight therefrom, he, or another participant if there be any, causes serious physical injury to a person other than one of the participants.

In light of the statutory definition of assault in the first degree, it is clear that defendant's conviction assault in the first degree in violation of Section 120.10 of New York's Penal Law was for conduct that constitutes a "violent felony."

■ Appellant, *pro se,* has also filed a supplemental brief in which he claims that the fact of his prior convictions must be proved to a jury beyond a reasonable doubt. This claim is without merit. Appellant pled guilty to a single count indictment that charged in specific terms the three prior convictions which were the basis for the § 924(e) armed career criminal sentence. He was informed at his plea colloquy that he was being charged with a violation of § 922(g) and § 924(e) and that he faced a mandatory minimum sentence of 15 years imprisonment. In response to the court's questions, he said he had seen the indictment, had reviewed it with his attorney and was pleading guilty to it. As noted above, at no point in the Rule 11 proceeding did the appellant raise any objection to or otherwise challenge the three prior convictions that were charged in the indictment. The court found that the plea was voluntary and there was a factual basis for it. Thus, even if appellant did have some basis prior to the Supreme Court's decision in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), for suggesting a procedural challenge to the District Court's determination of his sentence under 18 U.S.C. § 924(e), he has waived that challenge by admitting to the necessary facts during his plea proceedings. *See, Booker* 125 S.Ct. at 756 ("[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by defendant or proved to a jury beyond a reasonable doubt").

We have carefully reviewed appellant's remaining arguments raised in his supplemental brief and find them to be without merit.

Accordingly, the judgment of the district court is **AFFIRMED.**