Allen GOTTLIEB, Plaintiff–Appellant,

v.

SECURITIES AND EXCHANGE
COMMISSION, Defendant–
Appellee.

No. 07–2389–cv.

United States Court of Appeals,
Second Circuit.

Jan. 27, 2009.

Allen Gottlieb, Alexander E. Eisemann, Katonah, NY, for Plaintiff–Appellant.

Christopher M. Bruckmann, Senior Counsel, Securities and Exchange Commission, Washington, DC, for Defendant–Appellee.

Present: ROSEMARY S. POOLER, SONIA SOTOMAYOR, ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Allen Gottlieb appeals from the opinion and order, entered March 8, 2007, of the United States District Court for the Southern District of New York (Preska, *J.*) which denied his motions for: (1) relief from a final judgment, pursuant to Rule 60(b)(2) of the Federal Rules of Civil Procedure, because of newly discovered evidence and (2) recusal of Judge Preska, pursuant to 28 U.S.C. §§ 144 and 455, because of her alleged bias toward him. We affirm.

Rule 60(c)(1) of the Federal Rules of Civil Procedure provides that a Rule 60(b)(2) motion must be brought "no more than a year after the entry of the judgment" which the movant is challenging. We have stated that "[t]his limitations period is absolute." *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir.2000) (internal quotation marks omitted). The judgment being challenged by Gottlieb was entered on January 21, 2003; his Rule 60(b)(2) motion was filed on February 28, 2005. Accordingly, as the district court correctly held, the motion is untimely.

■ Gottlieb also contends that he brought his motion as an independent action and that therefore the time limitation does not apply. *See* Rule 60(d)(1) ("This rule does not limit a court's power to ... entertain an independent action."). But independent actions under Rule 60(d)(1) are available "only to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998). The purported recently discovered evidence upon which Gottlieb relies was at all times located in his own garage, and he knew of its existence at the time of trial. There is thus "no indication" that he "could not have discovered the evidence earlier," *Schwartz v. Capital Liquidators, Inc.*, 984 F.2d 53, 54 (2d Cir. 1993) (holding that district court did not abuse its discretion in denying Rule 60(b)(2) motion where evidence could have been discovered earlier), through "reasonable diligence." Rule 60(b)(2) (stating "reasonable diligence" requirement). Thus, because Gottlieb has failed to allege sufficient facts to meet the standard of an ordinary Rule 60(b)(2) motion, he certainly fails to meet the more stringent "grave miscarriage of justice" standard applicable to independent actions. *See Beggerly*, 524 U.S. at 47, 118 S.Ct. 1862.

■ Gottlieb's motion for recusal is based upon the assertion that Judge Preska was relentlessly biased against him because of "the tempest which took place between them ... when they clashed and had words in open court to the effect that Judge Preska said that 'I am God in my courtroom' and [he] defiantly responded with 'You are not God anywhere.'" Even assuming that Gottlieb accurately recounts this incident, it is clear "that 'expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display' do *not* establish bias or partiality." *Francolino v. Kuhlman*, 365 F.3d 137, 143–44 (2d Cir.2004) (quoting *Liteky v. United States*, 510 U.S. 540, 555–56, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)). Accordingly, the district court correctly found that Gottlieb's motion is without merit.

We have considered Gottlieb's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is hereby AFFIRMED.