08-4382-cv
Philbin-Collier v. John Does 1-5

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of April, two thousand and ten.

PRESENT:

> ROGER J. MINER,
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
>     *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOYCE PHILBIN-COLLIER,

> *Plaintiff-Appellant*,

> v.                                                     No. 08-4382-cv

SUFFOLK COUNTY POLICE OFFICERS JOHN DOES 1-5,
individually and in their official capacities,

> *Defendants-Appellees.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANT:**              Joyce E. Philbin-Collier, *pro se*, Belle Terre, New York.

---

* The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above

**FOR APPELLEES:**              Christine Malafi, Suffolk County Attorney, and Arlene S. Zwilling, Assistant County Attorney, County of Suffolk, Hauppauge, New York.

Appeal from a August 8, 2008 judgment of the United States District Court for the Eastern District of New York (Arthur D. Spatt, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Appellant Joyce Philbin-Collier, *pro se*, alleged that police officers employed by Suffolk County, New York, violated the United States Constitution in the manner in which they treated her incident to her arrest. She brought suit against the officers, as well as Suffolk County, pursuant to 42 U.S.C. § 1983 and *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Only the claims against Suffolk County proceeded to trial, after which a jury found for the County, and the District Court entered judgment in the County's favor.

Appellant now appeals the District Court's judgment. She argues (1) that the jury verdict was against the weight of the evidence admitted at trial and (2) that the District Court erred in declining to grant a post-verdict motion for a new trial on those grounds. She also claims that the District Court erred in (3) improperly charging the jury, (4) failing to remove or otherwise address "two jurors" who "fell asleep" during trial, and (5) making various rulings about the admissibility of evidence.

As a preliminary matter, appellant's assertion that the jury verdict was against the weight of the evidence is not a proper basis for appeal, nor is her challenge to the District Court's denial of her post-verdict motion on this same ground. *Robinson v. Cattaraugus County*, 147 F.3d 153, 160 (2d Cir. 1998) ("[T]he district court's denial of a new trial on the ground that the jury's verdict was against the weight of the evidence is not reviewable on appeal."); *Schwartz v. Capital Liquidators, Inc.*, 984 F.2d 53, 54 (2d Cir. 1993) ("The weight of the evidence is a matter of argument to the jury, not a ground for reversal on appeal.").

We review a district court's jury instructions *de novo*, and we review a court's evidentiary rulings and rulings concerning the dismissal of jurors for abuse of discretion. *See Cruz v. Jordan*, 357 F.3d 269, 270 (2d Cir. 2004) (rulings about juror removal); *Girden v. Sandals Int'l*, 262 F.3d 195, 203 (2d Cir. 2001) (jury instructions); *Silverstein v. Chase*, 260 F.3d 142, 145 (2d Cir. 2001) (evidentiary rulings). Undertaking that review, we conclude that each of appellant's arguments on appeal is meritless. There is, accordingly, no basis on which to set aside the District Court's judgment.

**CONCLUSION**

For the foregoing reasons, the August 8, 2008 judgment of the District Court is hereby **AFFIRMED**.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court