10-876-cv
D'Cunha v. Genovese/Eckerd Corporation

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of March, two thousand eleven.

PRESENT:
> JOHN M. WALKER, JR.,
> BARRINGTON D. PARKER,
> PETER W. HALL,
> > *Circuit Judges.*

---

Patrick D'Cunha,
> *Plaintiff-Appellant*,

-v.-                                                              10-876-cv

Genovese/Eckerd Corporation
> *Defendant-Appellee*,

JCG (PLC) USA, LLC, *et al.*,
> *Defendants*.

---

FOR APPELLANT: PATRICK D'CUNHA, *pro se*, Flushing, New York.

FOR APPELLEE: JAMES BUCCI (Shirin W. Saks *on the brief*), Genova, Burns & Giantomasi, Newark, New Jersey.

1

Plaintiff-Appellant Patrick D'Cunha, *pro se*, appeals from the December 10, 2009 judgment of the United States District Court for the Eastern District of New York (Wolle, *J.*) entering a jury verdict against him, and the district court's February 19, 2010 denial of his post-judgment motions.[1] **UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the district court's judgment is **AFFIRMED**.

This Court reviews the denial of a motion for judgment as a matter of law *de novo*, reviewing the evidence in the light most favorable to the non-moving party. *See Highland Capital Management LP v. Schneider*, 607 F.3d 322, 326 (2d Cir. 2010). In considering the evidence, the trial court may not "weigh evidence, assess credibility, or substitute its opinion of the facts for that of the jury," *Vermont Plastics, Inc. v. Brine, Inc.*, 79 F.3d 272, 277 (2d Cir. 1996), and may grant the motion only when there is "an utter lack of evidence supporting the verdict, so that the jury's findings could only have resulted from pure guess-work, or when the evidence [is] so overwhelming that reasonable and fair-minded persons could only have reached the opposite result," *Doctor's Assocs. Inc. v. Weible*, 92 F.3d 108, 112 (2d Cir. 1996) (internal quotation marks and citation omitted).

To the extent that D'Cunha's claims were not raised in his Rule 50(a) motion, they are not properly before this Court for review. *See Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 164 (2d Cir. 1998) ("It is well established that a party is not entitled to challenge on appeal the sufficiency of the evidence to support the jury's verdict on a given issue unless it has timely moved in the district court for judgment as a matter of law on that issue"). In any event, viewing

---

[1] We assume the parties' familiarity with the underlying facts and the procedural history of the case.

2

the evidence in the light most favorable to the Appellee, a reasonable jury could conclude that age was not the "but for" cause of the Appellee's failure to hire D'Cunha in either August 2001 or February 2002. The Appellee presented evidence that, in August 2001, D'Cunha requested a full-time position in New Jersey, close to New York and accessible by public transportation, and that it did not have such a position available. It also presented evidence that D'Cunha stated that he was not interested in the Sussex opening in February 2002. Although D'Cunha argues that the jury erroneously credited the testimony of the Appellee's witnesses instead of his, in ruling on a motion for judgment as a matter of law, a court may not make credibility determinations and "must disregard all evidence favorable to the moving party that the jury is not required to believe." *Zellner v. Summerlin*, 494 F.3d 344, 370 (2d Cir. 2007) (quoting *Reeves v. Sanderson Plumbing*, 530 U.S. 133, 150-51 (2000)). Insofar as D'Cunha argues that the jury's verdict was against the weight of the evidence, that claim of error is unavailing, as "[t]he weight of the evidence is a matter for argument to the jury, not a ground for reversal on appeal." *Schwartz v. Capital Liquidators, Inc.*, 984 F.2d 53, 54 (2d Cir. 1993). Accordingly, there was sufficient evidence to support the jury's verdict.

This Court reviews a district court's denial of a Rule 59(a) motion for a new trial for abuse of discretion. *See Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004). "A motion for a new trial ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 911 (2d Cir. 1997). The district court did not abuse its discretion in denying D'Cunha's motion, as D'Cunha failed to demonstrate that the jury's verdict was seriously erroneous or a miscarriage of justice. The record does not support

his contention that the district court was biased against him and, to the extent that D'Cunha argued that he was entitled to a new trial because the verdict was against the weight of the evidence, the court's decision is not reviewable on appeal. *See Baker v. Dorfman*, 239 F.3d 415, 422 (2d Cir. 2000).

D'Cunha's challenges to the district court's evidentiary rulings lack merit. The district court's ruling precluding the parties from introducing this Court's 2007 decision was not an abuse of discretion. As a piece of evidence, the 2007 decision was not material to the determinations to be made by the jury. To the extent that D'Cunha argues that the decision established, as the law of the case, that he had met his burden of proof at trial, he is wrong. This Court's prior holding that summary judgment in favor of defendants was not warranted did not prove any aspect of D'Cunha's case for purposes of trial. *See Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (setting forth standard for summary judgment); *see also Sagendorf-Teal v. County of Rochester*, 100 F.3d 270, 277 (2d Cir. 1996) (law of the case doctrine did not prevent court from dismissing plaintiffs' claims, even though it had previously denied a defense motion for summary judgment, when new evidence adduced at trial demonstrated the defendants' lack of involvement in firing the plaintiff from her job).

The court did not abuse its discretion by allowing a deposition to be played for the jury. D'Cunha does not contest that the witness was unavailable, and the witness's deposition was therefore admissible. *See* Fed. R. Evid. 804(b)(1). Although on appeal D'Cunha contends that the district court erred by allowing the deposition to be played out of sequence, he did not object to this procedure below. The district court explained to the jury that the deposition should be considered part of the Appellee's case. The testimony was relevant, as it related to the

4

calculation of damages, and the court excluded the portions of the testimony dealing with D'Cunha's allegation that a subsequent employer had discriminated against him.

The admission of evidence that Jimmy Tran hired candidates over the age of 40 for positions outside of New Jersey was not improper. This evidence was relevant to rebut Tran's alleged discriminatory intent. The court properly excluded the complaint, the answer, and D'Cunha's deposition, as these documents were inadmissible hearsay. *See* Fed. R. Evid. 801. Considering all of D'Cunha's claims of error, he has not demonstrated that any of the contested evidentiary rulings were prejudicial to the ultimate result of trial. The jury's verdict clearly indicates that it credited the testimony of the Appellee's witnesses over that of D'Cunha.

This Court "review[s] a district court's jury instruction *de novo* to determine whether the jury was misled about the correct legal standard or was otherwise inadequately informed of controlling law. A new trial is required if, considering the instruction as a whole, the cited errors were not harmless but in fact prejudiced the objecting party." *Girden v. Sandals Int'l*, 262 F.3d 195, 203 (2d Cir. 2001) (internal quotation marks and citation omitted). Here, to the extent that D'Cunha challenges the court's refusal to give instructions related to damages, his claims are moot, because the jury found that Eckerd was not liable for age discrimination. A review of the district court's complete instruction indicates that it informed the jury of the correct standard, and D'Cunha has failed to demonstrate that he was prejudiced by the jury instruction.

As to D'Cunha's contention that the court erred by denying his request to bifurcate the trial, a court may bifurcate a trial for "convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). The district court's denial of D'Cunha's request for a bifurcated trial was not an abuse of discretion, *see Vichare v. AMBAC Inc.*, 106 F.3d 457, 467

5

(2d Cir. 1996), for the reasons, *inter alia*, that D'Cunha did not request bifurcation until the first day of trial and he has not demonstrated that he was prejudiced.

D'Cunha has argued that the district court "did not accept [his] Proposed Voir Dire" and did not allow the parties to question the potential jurors. The record, however, reflects that neither party objected to seating any of the jurors, and D'Cunha has not identified what questions he requested be asked, or would like to have asked himself, that the court did not permit. Given D'Cunha's limited argument on this point, he has not demonstrated that the court abused its discretion. *See Pitasi v. Stratton Corp.*, 968 F.2d 1558, 1563 (2d Cir. 1992) (finding that the "content and quality of the voir dire are generally committed to the sound discretion of the court").

We have considered all of the appellant's arguments and find them to be without merit.

Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6