Tchatat v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand nineteen.

PRESENT:
>BARRINGTON D. PARKER,
>DEBRA ANN LIVINGSTON,
>JOSEPH F. BIANCO,
>>*Circuit Judges.*

_____

Josias Tchatat,
>>*Plaintiff-Appellant*,

>v.                                                                    18-404

City of New York, Police Officer Liam O'Hara, Shield No. 20203,
>>*Defendants-Cross Defendants-Appellees*,

Police Officer Harry Arocho, Shield No. 24345, John Does, Richard Roes, Ian Palmer, Michael Moes,
>>*Defendants-Cross Defendants*,

Best Buy Co., Inc., DBA Best Buy Co. of Minnesota, Shwon Edmonds, Richard Castellano, Van Mobley, Jesse Kempen, Jessica Delestin, Eastern Security Corp., Samuel J. Votta, Isidore Caleca,
>>*Defendants-Cross Defendants-Cross Claimants*.

_____

**FOR PLAINTIFF-APPELLANT:** Josias H. Tchatat Nzimi, pro se, Bronx, NY.

**FOR DEFENDANTS-APPELLEES:** Deborah A. Brenner, Tahirih M. Sadrieh, Assistant Corporation Counsels, for Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Schofield, *J.*; Gorenstein, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Josias Tchatat, through counsel, sued the City of New York, Police Officer Liam O'Hara, Best Buy employee Van Mobley, store security guard Shwon Edmonds, and others under 42 U.S.C. § 1983, alleging, *inter alia*, that he was falsely arrested and maliciously prosecuted by O'Hara for shoplifting from a Best Buy store and assaulting Edmonds. Tchatat eventually settled with Mobley, Edmonds, and the other Best Buy defendants. He moved for spoliation sanctions against the City of New York and O'Hara defendants for failing to preserve certain evidence when he was arrested. A magistrate judge recommended denying the motion, reasoning that the defendants had no obligation at the time of Tchatat's arrest to preserve evidence. The district court adopted the recommendation. A jury later found in favor of the defendants. Tchatat, now proceeding pro se, appeals. He further moves to amend the official caption to change the appellate designations of certain parties from defendants to defendants-appellees. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

## I. Waiver

The defendants argue that Tchatat waived all his arguments by failing to cite to the record on appeal. Federal Rule of Appellate Procedure 28(a)(8)(A) requires that the appellant cite to the relevant portions of the record on appeal to support his arguments. Failure to do so may result in waiver of the argument. *See Clark v. John Lamula Investors, Inc.*, 583 F.2d 594, 602 (2d Cir. 1978) (determining that "this court need not search the record to discover whether such error indeed exists" when appellant failed to cite to the record in support of his argument). However, we regularly give pro se litigants latitude and may overlook a failure to adhere to the rules of procedure. *Sioson v. Knights of Columbus*, 303 F.3d 458, 460 (2d Cir. 2002) (per curiam).

We do so here. Although Tchatat did not cite to the record, he refers to the magistrate judge's order denying spoliation sanctions and makes arguments challenging the denial. Similarly, he makes cogent arguments about events at trial, the evidence offered, and the credibility of witnesses. Therefore, we excuse Tchatat's failure to cite specifically to the record and reach the merits of his arguments.

## II. Spoliation Sanctions

We review a district court's denial of a motion for spoliation sanctions for abuse of discretion. *See Allstate Ins. Co. v. Hamilton Beach/Proctor Silex, Inc.*, 473 F.3d 450, 456 (2d Cir. 2007). "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999). "The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party

3

should have known that the evidence may be relevant to future litigation." *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001).

Tchatat did not demonstrate that the defendants' actions warranted sanctions for spoliation. With respect to the Best Buy surveillance tapes and Edmonds's eyeglasses, the defendants never possessed either item and cannot be sanctioned for failing to preserve them. *Cf. United States v. Greenberg*, 835 F.3d 295, 303 (2d Cir. 2016) (concluding that defendant could not show spoliation in a criminal trial based on the government's failure to collect evidence). As to the remaining items, the district court correctly pointed out that issues involved in determining spoliation sanctions overlapped with the merits issues of the case, e.g., whether O'Hara deliberately destroyed or failed to preserve the evidence and whether the evidence was exculpatory. *See Morse v. Fusto*, 804 F.3d 538, 547–48 (2d Cir. 2015) (a plaintiff may prove fabrication of evidence by showing that a government official intentionally omitted material information that would have affected jury's verdict); *Fujitsu Ltd.*, 247 F.3d at 436 (courts must consider whether evidence was intentionally destroyed when determining if spoliation occurred). The district court did not err by denying spoliation sanctions.

## III. Sufficiency and Weight of the Evidence

Tchatat argues that the defendants did not carry their burden of proof with respect to their affirmative defense of probable cause. "It is well established that a party is not entitled to challenge on appeal the sufficiency of the evidence to support the jury's verdict on a given issue unless it has timely moved in the district court for judgment as a matter of law on that issue." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 164 (2d Cir. 1998). Tchatat failed to move for a directed verdict during the trial. Accordingly, we may not disturb the jury's findings except to "prevent a manifest injustice

4

in cases [w]here a jury's verdict is wholly without legal support." *Pahuta v. Massey-Ferguson Inc.*, 170 F.3d 125, 129 (2d Cir. 1999) (internal quotation marks omitted; alteration in original); *accord Kirsch*, 148 F.3d at 164. Manifest injustice may result from plain error. *See United States v. Keppler*, 2 F.3d 21, 24 (2d Cir. 1993) ("To meet [the] standard [of plain error], the alleged errors or defects must affect a defendant's substantial rights, the violation of which would result in manifest injustice." (internal quotation marks and citation omitted)).

A review of the trial transcripts reveals no such error. Probable cause is a complete defense to claims for false arrest and imprisonment arising in New York. *See Jenkins v. City of New York*, 478 F.3d 76, 84, 88 (2d Cir. 2007). "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). The defendants offered evidence that O'Hara had probable cause to arrest Tchatat for robbery and assault. O'Hara stated that he interviewed Mobley and Edmonds; learned that Tchatat had allegedly tried to leave the store without paying for a memory card and obtained a sworn affidavit to that effect; was shown a receipt with the value of the memory card and the card's packaging; observed injuries to Edmonds's face and damage to his eyeglasses; and interviewed Tchatat, who confirmed that there had been a physical altercation. As a result, O'Hara arrested Tchatat. *See Curley v. Village of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) ("When information is received from a putative victim or an eyewitness, probable cause exists, unless the circumstances raise doubt as to the person's veracity[.]" (internal citation omitted)).

Insofar as Tchatat's brief can be construed as a challenge to the weight of the evidence, that challenge is meritless. We cannot review the weight of the evidence on appeal. *See Schwartz v.*

5

*Capital Liquidators, Inc.*, 984 F.2d 53, 54 (2d Cir. 1993) ("The weight of the evidence is a matter for argument to the jury, not a ground for reversal on appeal.").

### IV. Credibility of Witnesses

Tchatat next argues that Edmonds and Mobley lacked credibility as witnesses because they were former defendants in this case and failed to inform the jury of that fact. But we cannot review a jury's credibility determinations. *See Sorlucco v. N.Y.C. Police Dep't*, 971 F.2d 864, 875 (2d Cir. 1992) (holding that a credibility assessment of the evidence is generally "a matter . . . for the jury to resolve"); *see also United States v. Landau*, 155 F.3d 93, 104-05 (2d Cir. 1998) ("A jury's credibility assessments are entitled to deference[.]"). Tchatat also argues that Edmonds and Mobley violated their settlement agreements by testifying at trial. But this argument is meritless. First, Tchatat does not point to any settlement agreement in the record that prohibited either person from testifying. The stipulation of dismissal simply required that Mobley and Edmonds cease pursuing their counterclaims against him, not that they could not testify. Second, Tchatat called Mobley as a witness, subpoenaed Edmonds, and did not object to Edmonds testifying during trial. Therefore, we affirm the jury verdict.

### V. Motion to Amend Caption and Appellate Designations

Finally, Tchatat moves to amend the caption and change the appellate designations of Mobley, Edmonds, and the other Best Buy defendants. Official captions may be amended with permission from the Court. *See Hernandez-Avila v. Averill*, 725 F.2d 25, 27 n.4 (2d Cir. 1984). And we regularly amend captions to correct spelling errors or to correct the appellate designation of a party. *See, e.g., Zito I, L.P. v. Century/ML Cable Venture (In re Century/ML Cable Venture)*, 311 F. App'x 455, 455 n.* & n.** (2d Cir. 2009) (summary order). Nevertheless, Tchatat has not

shown that the caption requires amendment. He asserts that Mobley and Edmonds, along with other dismissed defendants, should be designated cross-appellees because they violated their settlement agreements by testifying. But, as discussed above, Tchatat did not offer any evidence showing that these defendants violated a settlement agreement. Further, even if they had, this would not affect their appellate designations. We therefore deny the motion.

We have reviewed the remainder of Tchatat's arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED** and Tchatat's motion to amend the caption is **DENIED**.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk of Court

7