Brock v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of April, two thousand twenty.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> RICHARD C. WESLEY,
> JOSPEH F. BIANCO,
> > *Circuit Judges.*

_____

Kamilah Brock,

> *Plaintiff-Appellant*,

> v.

Doctor Elisabeth Lescouflair, Individually and in her official capacity, Doctor Zana Dobroshi, Individually and in her official capacity, Doctor Alan Dudley Labor, Individually and in his official capacity, Police Officer Salvadore Diaz, Shield No. 21953, Individually and in his official capacity, Doctor Herman Anderson, Individually and in his official capacity,

> *Defendants-Appellees,*

City of New York, New York City Health and Hospitals Corporation, Harlem Hospital Center, John Doe 1-3, New York City Police Officers;

19-646-cv

Individually; and in their official capacities; the name John Doe being fictitious as the real names are not presently known,

*Defendants.*

_____

FOR PLAINTIFF-APPELLANT:                    Kamilah Brock, pro se, Baldwin, NY.

FOR DEFENDANTS-APPELLEES:                    Jesse A. Townsend, Ingrid R. Gustafson, *for* Georgia M. Pestana, Acting Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Broderick, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Kamilah Brock filed a 42 U.S.C. § 1983 action against a collection of municipal, doctor, and police officer defendants. Her claims arose from an incident when, during a visit to a Manhattan police precinct, an officer assisting Brock came to believe she was emotionally disturbed, handcuffed her, and called an ambulance which took her to a hospital where she was involuntarily committed for approximately eight days. The district court dismissed Brock's claims against some defendants on summary judgment, which Brock does not challenge. The remaining claims against New York City Police Department Officer Salvador Diaz and doctors Elisabeth Lescouflair, Zana Dobroshi, Alan Dudley Labor, and Herman Anderson were presented to a jury, which ruled in the defendants' favor. On appeal, Brock, now appearing pro se, raises arguments concerning the sufficiency of the evidence supporting the jury's verdict; the district court's exclusion of a written statement by her father, Carrington Brock; whether she received required notices during her hospitalization; and whether the doctrine of qualified immunity is

2

constitutional. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I. Challenge to the Jury's Verdict

A Fed. R. Civ. P. 50 motion for judgment as matter of law is required to preserve a challenge to the sufficiency of the evidence at trial. *See Rothstein v. Carriere*, 373 F.3d 275, 291 (2d Cir. 2004); *Gierlinger v. Gleason*, 160 F.3d 858, 869 (2d Cir. 1998). The failure to make such a motion is one that this Court will excuse only to "prevent a manifest injustice in cases [w]here a jury's verdict is wholly without legal support." *Pahuta v. Massey-Ferguson, Inc.*, 170 F.3d 125, 129 (2d Cir. 1999) (internal quotation marks omitted). We reject Brock's challenge to the jury's verdict. Brock did not move for judgment as a matter of law as required. Moreover, the jury's verdict in favor of the defendants was supported by evidence at trial.[1]

## II. Admissibility of Carrington Brock's Written Statement

We also affirm the district court's exclusion of Carrington Brock's written statement. We review a district court's evidentiary rulings for abuse of discretion, and will reverse only for manifest error. *See Cameron v. City of New York*, 598 F.3d 50, 61 (2d Cir. 2010). The district court properly excluded Carrington Brock's written statement on hearsay grounds and because it lacked indicia of reliability.

## III. Remaining Arguments

To the extent Brock challenges qualified immunity as a legal doctrine, her efforts are misplaced because her case was not decided on qualified immunity grounds. To the extent she argues that she did not receive notice of her rights as a patient as required, *see N.Y. Mental Hygiene*

---

[1] To the extent that Brock argues that the jury's verdict is against the weight of the evidence presented at trial, Brock failed to preserve that argument by failing to move for a new trial on that ground and we decline to address it on appeal. *See Schwartz v. Capital Liquidators, Inc.*, 984 F.2d 53, 54 (2d. Cir. 1993) (per curiam).

*Law* § 9.39, she did not raise this argument in her complaint or at trial, and it is accordingly waived. *See In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008) (per curiam) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.") (quoting *Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006)).

We have considered all of Brock's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4