24-1543-cv
*Tatas v. Ali Baba's Terrace Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of November, two thousand twenty-five.

PRESENT:
>    JOSÉ A. CABRANES,
>    MICHAEL H. PARK,
>    STEVEN J. MENASHI,
>        *Circuit Judges.*

_____

Mehmet Emin Tatas,
>        *Plaintiff-Appellant,*

>    v.                                              24-1543-cv

Ali Baba's Terrace Inc., Ali Riza Dogan, Senol Bakir, Tolgahan Subakan,
>        *Defendants-Appellees,*

Admiral Insurance Company,

*Defendant.*

_____

FOR PLAINTIFF-APPELLANT:   Mehmet Emin Tatas, pro se, Lynbrook, NY.

FOR DEFENDANTS-APPELLEES:   Diane Krebs, Jackson Lewis P.C., Melville, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Edgardo Ramos, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Mehmet Emin Tatas, pro se, appeals from the district court's judgment following a jury verdict in his favor on his assault and battery claim and otherwise in favor of his former employer, Ali Baba's Terrace Inc. ("ABT"); ABT's owner, Ali Riza Dogan; and former coworkers Senol Bakir and Tolgahan Subakan. Tatas alleged that Defendants discriminated and retaliated against him and subjected him to a hostile work environment based on his race and national origin, in violation of 42 U.S.C. § 1981 and state and local law. He also alleged that Dogan assaulted and battered him. We assume the parties'

2

familiarity with the remaining facts, the procedural history, and the issues on appeal.

### I.    Evidentiary Rulings

"We review a district court's evidentiary rulings for abuse of discretion, and will reverse only if an erroneous ruling affected a party's substantial rights." *Marcic v. Reinauer Transp. Cos.*, 397 F.3d 120, 124 (2d Cir. 2005).

Tatas first argues that the district court improperly (1) denied him the ability to introduce two documents (a response to interrogatories and a document request) and (2) precluded him from testifying that a New York State Department of Labor ("DOL") employee told him to record his conversations with Dogan.   Neither argument suggests an abuse of discretion.

First, Tatas does not cite any portion of the record showing that the district court prevented him from introducing the referenced documents, and Defendants assert that Tatas's counsel never sought their admission.   Second, the district court precluded testimony about the DOL employee because Tatas's testimony was complete without adding this information and because it would have created confusion about why a DOL employee was advising Tatas.   Given

these concerns that the testimony would be more prejudicial than probative, the district court did not abuse its discretion by excluding it. *See* Fed. R. Evid. 403.

Tatas next argues that the district court improperly permitted defense counsel to ask about his immigration to the United States when it precluded such questions with respect to Subakan. This argument fails as well. The district court's reasoning for excluding the testimony was sound: Subakan's immigration status was not relevant to the issue of why he had moved out of Tatas's apartment. By contrast, the questions about Tatas's immigration history went to his overall credibility and therefore had substantially more probative value.

Tatas also asserts that the district court erred by failing to permit witness Eyyup Dogan from testifying about the discrimination he experienced. The district court explained that Eyyup's alleged sexual orientation discrimination was not sufficiently related to Tatas's alleged race and national origin discrimination and would not have any probative value for any element of Tatas's case. The district court's conclusion that evidence concerning Eyyup's allegations of discrimination would be more prejudicial than probative was thus not an abuse of discretion.

4

Tatas further contends that the district court (1) failed to act when Eyyup was allegedly intimidated by Ali Riza Dogan through phone calls and (2) did not move Dogan's seat during Eyyup's testimony when asked. However, Tatas has not demonstrated that either decision affected his substantial rights. Although Tatas's counsel represented that the phone call from Dogan during the trial scared Eyyup, Eyyup still returned to testify for a second day. Further, there is no indication in the record that Dogan's seating position in the courtroom prevented Eyyup from giving testimony or that Dogan engaged in any intimidation in the courtroom.

## II. Jury Instructions

"We review a claim of error in jury instructions *de novo*, reversing only where appellant can show that, viewing the charge as a whole, there was a prejudicial error." *Warren v. Pataki*, 823 F.3d 125, 137 (2d Cir. 2016) (quotation marks omitted). "[A]n error is harmless only if the court is convinced that the error did not influence the jury's verdict." *Id.* (quotation marks omitted). A party waives arguments, however, by failing to object to a jury instruction at trial. *Id.* at 138. This Court "will disregard the failure to object where there is plain error affecting substantial rights that goes to the very essence of the case, or

where the party's position has previously been made clear to the trial court and it was apparent that further efforts to object would be unavailing." *Id.* at 138–39 (quotation marks omitted).

With respect to the jury instructions, Tatas first argues that the district court erred by permitting the jury to find only Dogan liable for assault, rather than letting the jury consider if ABT was also liable. But Tatas did not raise this issue at trial, and it is thus forfeited on appeal. Nor does the record reveal plain error.

Next, Tatas contends that the jury instructions were erroneous because the district court should have instructed the jury that (1) it could find the individual defendants liable on the hostile work environment and retaliation claims, (2) Defendants' proffered explanation for their actions was pretext for discrimination, and (3) Tatas could be awarded front pay damages. All three arguments lack merit.

First, although Tatas's counsel raised the issue of amending the jury instructions to include instructions on individual liability for the hostile work environment and retaliation claims, specific instruction was not necessary. The jury verdict form explicitly permitted the jury to find liability against the

6

individual defendants for all of the discrimination, hostile work environment, and retaliation claims. Second, Tatas's counsel had no other amendments to the jury instructions and confirmed she was "good" with the instructions. Dkt. No. 59.2, at 515. Tatas therefore forfeited any argument concerning the substantive text of the instructions, including with respect to pretext, and he has not shown that the instructions were plain error. Third, the parties agreed that front pay damages would not be presented to the jury.

### III. Weight and Sufficiency of the Evidence

Tatas principally argues that the jury verdict was against the weight of the evidence and that the evidence was insufficient to support the jury's verdict. "The weight of the evidence," however, "is a matter for argument to the jury, not a ground for reversal on appeal." *Schwartz v. Cap. Liquidators, Inc.*, 984 F.2d 53, 54 (2d Cir. 1993).

To the extent Tatas challenges the sufficiency of the evidence, his argument is meritless. "It is well established that a party is not entitled to challenge on appeal the sufficiency of the evidence to support the jury's verdict on a given issue unless it has timely moved in the district court for judgment as a matter of law on that issue." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 164 (2d Cir.

7

1998). Tatas failed to move for judgment as a matter of law. We thus may not disturb the jury's findings except to "prevent a manifest injustice in cases where a jury's verdict is wholly without legal support." *Pahuta v. Massey-Ferguson, Inc.*, 170 F.3d 125, 129 (2d Cir. 1999) (cleaned up); *see Kirsch*, 148 F.3d at 164.

Our review of the record does not reveal manifest injustice. Tatas testified about the February 2016 incident with Bakir, in which Bakir tried to attack him with a knife after calling him a terrorist, and Tatas's account was supported by Emin Tatas's and Eyyup's testimony. He also testified that Dogan blamed him for the altercation with Bakir, made comments about his and his son's supposed affiliation with a Kurdish terrorist group, and physically attacked him on three occasions. However, Bakir, Subakan, and ABT cook Yunus Hoscan testified that Tatas was the instigator of the February 2016 altercation with Bakir and that Bakir did not threaten or approach Tatas with a knife. And Dogan and ABT manager Mursel Yalbuzdag testified that Tatas was verbally and physically aggressive and that Dogan did not physically attack Tatas. Given the contradicting testimony about the various incidents, the jury's verdict does not constitute manifest injustice. *See Sorlucco v. N.Y.C. Police Dep't*, 971 F.2d 864, 875 (2d Cir. 1991) (Credibility assessments are generally a matter

8

"for the jury to resolve."); *United States v. Landau*, 155 F.3d 93, 104–05 (2d Cir. 1998) ("A jury's credibility assessments are entitled to deference.").

We have considered Tatas's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.[1]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] We deny Tatas's motions to reverse the jury verdict and to supplement his appendix.